WARREN BENNETT, RESPONDENT, v. JOHN H. PILLION, APPELLANT.

Submitted October 30, 1928—Decided February 4, 1929.

For the appellant, *McCarthy & McTague* (*Frank P. McCarthy*, of counsel).

For the respondent, *R. Tenbroeck Stout* (*James D. Carton*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This is the defendant's appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff at the Monmouth Circuit in an action for damages for malicious prosecution.

It appears that the defendant made a complaint against the plaintiff before the recorder of the township of Lakewood, in Ocean county, charging the plaintiff with having violated an ordinance of the township regulating the licensing of cars and their drivers in the transportation of passengers, baggage and merchandise within the township of Lakewood, and fixing the license fees for the same, and prohibiting all persons not licensed from engaging in such transportation, &c.   The complaint also charged a violation of chapter 144 of laws of 1926,

regulating jitney buses, &c. Two days later an amended complaint was filed, limiting the charge to a violation of the ordinance to which we have referred. This latter complaint was signed by the defendant and sworn to by him on January 17th, 1927, and thereunder a warrant was issued and the plaintiff was arrested. The trial before the recorder on that complaint resulted in a dismissal of the charge, and then the present suit was brought for malicious prosecution.

At the trial of this suit, at the Monmouth Circuit, the evidence tended to show that the plaintiff was not operating a local jitney bus, but was operating what was known as a sight-seeing bus, running from Asbury Park through Lakewood to Atlantic City and return; that the ordinance of the township of Lakewood differentiates such a bus from those doing a local business, and provides for the licensing of such sight-seeing buses, which were operating through Lakewood, when proper conditions are shown to exist. The evidence further tended to show that at the time of the arrest of the plaintiff he had received and was in possession of a license to operate a sight-seeing bus, signed by the chairman of the township committee and given to him by the license collector. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed from the judgment entered thereon.

The first point is that the judgment should be reversed because of the refusal of the trial court to nonsuit.

We think not. It is said there should have been nonsuit because there was evidence that the plaintiff had violated the act of 1926, and that this evidence was uncontradicted. But the answer to this point is that it is ill-founded in point of fact. The evidence upon that question was in conflict. Where, as here, the question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff depends, in part at least, upon facts the existence of which are in dispute, it is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown, such determination being based upon proper instructions from the trial court. *Vladar v. Klopman,* 89 *N. J. L.* 575; *Dallon* v.

*Godfrey,* 97 *Id.* 455. Moreover it is to be noted in this connection that a violation of the act of 1926 was not the basis of the complaint which was tried before the recorder.

Other reasons for a nonsuit were urged, but it is quite apparent that none of them justified a nonsuit.

It is further argued that the trial judge should have directed a verdict for the defendant because it was undisputed that the complaint was made by the defendant after consultation with the attorney of the corporation whose agent defendant was, and upon his advice. But the advice of an attorney will not protect the party who consults him unless all the facts relating to the situation—that is, which would justify or negative the making of the complaint—are submitted to the attorney; and there is no proof in the present case that this was done. The defendant himself testified merely that "I took up the complaint with our attorney, and we entered the complaint under advice of our counsel"—the attorney and the counsel being one and the same person.

Several grounds for reversal are directed at alleged errors of the trial court in its charge to the jury. These matters, however, are not properly before us. Counsel for the defendant at the close of the charge contented himself with saying, "I pray a general exception to the charge." It will not avail an appellant (as here) to take a general exception to the charge of the court. In order to have the exception considered by the appellate tribunal it must appear that the attention of the trial judge was specifically called to the matter challenged as erroneous. *Doran* v. *Asbury Park,* 91 *N. J. L.* 651.

Lastly, it is argued that the verdict was against the weight of the evidence. But the weight of the evidence will not be considered on appeal. *Byrne Co.* v. *Snead & Co.,* 98 *N. J. L.* 256.

The judgment below will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.