ALBERT I. MANFREDI *et al. vs.* CHARLES O. BOSS.

APRIL 3, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

126

SWEENEY, J. This is an action of the case in assumpsit in which a jury in the Superior Court returned a verdict for the plaintiffs. The case is before this court on defendant's exceptions, the first one being to the denial of his motion for a new trial on the grounds that the verdict is against the law and the weight of the evidence.

The two plaintiffs are real estate brokers and claim a commission from defendant for producing a person able, ready and willing to buy his real estate. Defendant admitted that he told plaintiffs that if they found a cash purchaser who would pay $22,000 for his real estate he would pay them a 3% commission.

It is not controverted that on Thursday, March 19, 1925, plaintiff Angelo Manfredi introduced a prospective purchaser named Ferrucci to defendant. Defendant showed the real estate to Ferrucci and he agreed to pay $22,000 for it upon delivery of the deed in about 60 days. The three men then went to the office of defendant's attorney to have an agreement written by him. While talking about the terms of the agreement the attorney advised defendant that the purchaser ought to make a deposit of $1,100. The testimony as to what was said and done about the deposit is conflicting. Ferrucci and Manfredi testified that defendant agreed to accept a deposit of $500 when he showed the property to Ferrucci; that Ferrucci told the attorney he was ready to pay $500 but not $1,100 and asked for time within which to get the balance of $600; that the attorney said he could have until Monday; that Ferrucci procured the $600 Thursday afternoon and went to the defendant with it and

that defendant referred him to his attorney; that Ferrucci immediately went to the attorney's office and was informed that he had left for the day and that Ferrucci again returned to defendant who told him to see the attorney the next day. Defendant denied that he agreed to accept a deposit of $500 when he showed Ferrucci the property and testified that when they were in the attorney's office Ferrucci said he had only $400; that nothing was said by the attorney about giving Ferrucci time within which to get more money and that defendant then told plaintiff and Ferrucci he was going to sell the property to the first cash customer. Defendant testified that on Friday Ferrucci called on him and said he had a check which defendant declined saying that he could not take it as he had sold the property and to see his attorney. The attorney testified that Ferrucci said he had only $400 to deposit and that no time was given him within which to get the balance of the deposit demanded. He also testified that on Friday Ferrucci came to his office and said he had the money and was told that the property had been sold. Defendant testified that he would have been satisfied with Ferrucci as a purchaser if he had signed an agreement to purchase and had paid the deposit of $1,100.

It appeared in evidence that the following Monday defendant signed an agreement to convey the property to another person and that the deed was passed about June 1.

The trial justice instructed the jury, as requested by defendant, that in order to entitle plaintiffs to a commission it was necessary for them to produce a person able, as well as ready and willing, to purchase the property and if they found that the plaintiffs did not fulfill these requirements the verdict should be for the defendant.

As a general rule where a broker finds a customer able and willing to enter into a transaction on the terms proposed by the principal he cannot, unless there is a special contract to the contrary, be deprived of his right to his commission by reason of the transaction failing on account of some fault of the principal. 9 C. J. 621; nor can the owner of the

property prevent recovery of the broker's commission by changing the terms originally proposed to the broker and upon which he has procured a customer. 4 R. C. L. 323.

The conflicting testimony above referred to required the jury to determine whether the contract between plaintiffs and defendant required a deposit to be made by Ferrucci and if so whether defendant agreed to accept a deposit of $500 when he showed the property to Ferrucci and afterwards changed the amount to $1,100 and whether or not Ferrucci offered to pay the deposit agreed upon to defendant or his attorney before defendant agreed to sell the property to another person. Ferrucci would not have to pay the total amount of the purchase price until the delivery of the deed. If the jury found that Ferrucci offered to pay the deposit agreed upon they might reasonably conclude, upon the testimony, that he would pay the balance of the purchase price upon the delivery of the deed.

The trial justice denied defendant's motion for a new trial because he was of the opinion that the evidence justified the verdict and did substantial justice between the parties. We have carefully read the transcript of the evidence and find sufficient testimony to support the verdict and therefore find no error in the decision of the trial justice denying the motion for a new trial.

The two exceptions to the exclusion of testimony have been considered and found to be without merit.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*William S. Flynn, Edmund W. Flynn,* for plaintiff.
*Henry M. Boss, Jr.,* for defendant.