NATHAN WEINSTEIN, APPELLANT, v. JOSEPH A. KLITCH, RESPONDENT.

Submitted October 27, 1928—Decided May 20, 1929.

For the appellant, *Corn & Silverman.*

For the respondent, *John J. Breslan, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.  This is the appeal of the plaintiff below from a judgment entered upon a directed verdict in favor of the defendant.

The action was for malicious prosecution.  At the trial it was admitted that the defendant had signed a complaint alleging that the plaintiff had procured cement blocks from the defendant by the false pretense that he was the owner of the property for which such blocks were furnished.  It was further admitted that a warrant had issued upon such complaint; that the plaintiff was arrested, and that the case was subsequently dismissed by the grand jury.

The learned trial judge directed a verdict in favor of the defendant upon the sole ground that defendant "acted on the advice of an attorney."

Now the rule is that advice of counsel is a complete defense to an action for malicious prosecution of a criminal action where it appears that the prosecution was instituted in reliance in good faith on such advice given after a full and fair statement to the attorney of all the facts.  *Bennett* v. *Pillion,* 105 *N. J. L.* 359;  144 *Atl. Rep.* 601;  *Dalton* v. *Godfrey,* 97 *N. J. L.* 455; *Bell* v. *Atlantic City Railroad Co.,* 58 *Id.* 227.

But the advice of an attorney will not protect the party who consults an attorney unless all of the material facts within

his knowledge—that is those which would justify or negative the making of the complaint—are fully and truthfully stated to the attorney; and where the evidence tends to show that material parts of such statement were false to his knowledge, the question whether or not such advice constituted probable cause must be submitted to the jury under proper instructions from the trial court. *Bennett* v. *Pillion, supra; Dalton* v. *Godfrey, supra; Sunderbrand* v. *Shills*, 82 *N. J. L.* 700. See, also, *Newell on Malicious Prosecution, Ed.* 1892, *p.* 311. In *Dalton* v. *Godfrey, supra,* it was expressly held that "counsel's advice would protect him [defendant] only if none of the material statements were false to defendant's knowledge."

Tested by these rules, the direction of a verdict in favor of defendant upon the ground that he acted on the advice of an attorney cannot be justified under the evidence in the present case.

The facts bearing upon the question whether or not the plaintiff represented to the defendant that plaintiff was the owner of the building for which the cement blocks were furnished were material facts, and were required to be truthfully stated to the attorney to render the latter's advice a protection to the defendant.

The evidence of the defendant at the trial of the present action tended to show that he stated to the attorney that the plaintiff represented to him that plaintiff was the owner of the building for which the blocks were furnished; but the evidence of the plaintiff tended to show that the plaintiff did not make that statement to the defendant. Plaintiff testified that he did not make any such representation. His evidence tends to show that, if the defendant stated to the attorney that plaintiff represented to the defendant that plaintiff was the owner of such property, that statement was false. It is thus clear that, at the time the verdict was directed for the defendant, it was open to the jury to find that in consulting his attorney before making the criminal complaint the defendant did not truthfully state the material facts which were within his knowledge, and hence, in view of such conflicting evidence, the question whether or not the advice received constituted probable cause should have been submitted to the jury.

The general rule is that where, in an action for malicious prosecution, the question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff depends, in part at least, upon facts the existence of which are in dispute, it is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown; such determination being based upon proper instructions from the trial court. *Bennett* v. *Pillion, supra; Dalton* v. *Godfrey, supra; Vlader* v. *Klopman,* 89 *N. J. L.* 575.

The judgment below will be reversed, and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR. 1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.