MICHAEL EVANYKE, RESPONDENT, v. ELECTRIC FERRIES COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Submitted October 11th, 1929—Decided May 19th, 1930.

For the appellant, *Collins & Corbin* (*Edward A. Markley,* of counsel).

For the respondent, *J. Raymond Tiffany.*

The opinion of the court was delivered by

TRENCHARD, J.    Michael Evenyke, the plaintiff below, brought this suit to recover damages for malicious prosecution.

At the trial the following outstanding matters of fact appeared:  He was employed by the defendant company as a

ticket seller at Weehawken, and the charge laid against him was the wrongful appropriation of moneys resulting from the sale by him of tickets entitling the purchasers to cross on the ferry operated by the defendant across the Hudson river. He was arrested on a complaint signed by one McGrath, employed by the defendant, who was a police officer appointed and commissioned under the authority of the "Act Concerning Carriers" (*Comp. Stat. p.* 369), its amendments and supplements. The plaintiff was taken before a magistrate after his arrest, but thereafter the prosecution of the complaint was abandoned and he was discharged. The trial of this, his action for malicious prosecution, resulted in a verdict in his favor and the defendant has taken this appeal from the judgment entered upon that verdict.

The grounds urged in support of the contention that there was error in the refusal of the trial court to direct a verdict for the defendant, present every question raised on this appeal. Those grounds are (1) because there was no proof of want of reasonable and probable cause for the criminal complaint, nor proof of malice; (2) because the facts, being uncontroverted, the question of probable cause was for the determination of the court and not the jury; (3) because it did not appear that McGrath, in making the complaint, was acting as the representative of the defendant company; (4) because the defendant instituted the criminal proceeding upon the advice of counsel.

We think such motion was properly denied.

We deal first with the question of probable cause and malice. At the close of the plaintiff's case his testimony showed that the charge of embezzlement made against him was false; and that proof was sufficient to justify an inference against the defendant of malice and want of probable cause. In the case of *Vladar* v. *Klopman*, 89 *N. J. L.* 575, 576, this court, speaking through the Chief Justice, said, "there was proof submitted by the plaintiff which showed that the charge of larceny made against her was false. When she rested her case, therefore, this proof was sufficient to justify an inference of want of probable cause, and of malice." To the same effect is *Weisner* v. *Hansen,* 81 *Id.* 601, cited in the Vladar case.

In this situation of the present case, the plaintiff, having made out a *prima facie* case of want of probable cause, and of malice, the burden was upon the defendant to overcome such *prima facie* case by proof that the defendant had probable cause for instituting the criminal proceeding and acted without malice; and a verdict could not be directed for the defendant until this had been demonstrated by uncontroverted evidence, and that the defendant failed to do. True, the defendant's evidence pointed to fluctuations of the returns from day to day, and between the times when plaintiff was on duty and when off duty. But it was quite plain that normal fluctuations were to be expected naturally, and were entirely consistent with the innocence of the plaintiff. Whether or not the fluctuations claimed by the defendant existed in fact, whether, if they did exist, they were abnormal and were indicative of plaintiff's guilt, were questions which, in view of the conflicting evidence, were required to be submitted to the jury. To state the matter most strongly for the defendant, it was clearly open to the jury to find, as they evidently did, not only that the plaintiff was innocent of the charge made against him, but that probable cause had not been shown. Where, as here, in an action for malicious prosecution, the question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff depends, in part at least, upon facts the existence of which are in dispute, it is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown; such determination being based upon proper instructions from the trial court. *Bennett* v. *Pillion,* 105 *N. J. L.* 359; *Vladar* v. *Klopman, supra.*

It is therefore seen, also, that the contention that there should have been a direction of a verdict because the facts bearing upon probable cause were uncontroverted, is ill-founded in point of fact.

Also, we think there is no merit in the contention that a verdict should have been directed for the defendant on the ground that it did not appear that McGrath, in making the complaint, was acting as the representative of the defendant.

If the contention really is that there was no proof that

McGrath acted as the agent of the defendant company, and at its instigation, such contention is ill-founded in point of fact. Clearly there was such proof. If, on the other hand, the contention is that, though he acted as the agent of the defendant company and at its instigation, the company is not responsible because of the fact that he was a police officer appointed and commissioned pursuant to the "Act Concerning Carriers" (*Comp. Stat., p.* 369), such contention is ill-founded in law. In an action for malicious prosecution, the rule is that, if a police officer appointed and commissioned under that statute, and employed by the defendant, acted as the agent of the defendant company, and at its instigation, in making the complaint in the criminal proceeding, the defendant company may be held liable for what he did, the same as in other cases of agency. *Tucker* v. *Erie Railway Co.,* 69 *N. J. L.* 19; *Taylor* v. *New York, &c., Railroad Co.,* 80 *Id.* 282; *Goldberg* v. *Central Railroad Co.,* 97 *Id.* 374.

We also think it quite clear that a verdict could not have been lawfully directed for the defendant company upon the ground that the defendant instituted the criminal proceeding upon the advice of counsel.

The advice of an attorney will not protect a defendant who consults him unless all the facts relating to the situation, that is, which would justify or negative the making of the complaint—are submitted to the attorney. *Bennett* v. *Pillion, supra; Weinstein* v. *Klitch, post, p.* 408. In the case at bar there is no evidence that this was done. It does appear upon this topic that the attorney of the defendant was consulted, and that he advised that Evenyke, the plaintiff, be "cross-questioned," but we find no testimony that all the facts relating to the situation were laid before the attorney.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.