FREDERICK EVANS, PLAINTIFF-RESPONDENT, v. JERSEY
CENTRAL POWER AND LIGHT COMPANY AND FRED-
ERICK W. FLAKE, DEFENDANTS-APPELLANTS.

Submitted May 28, 1937—Decided September 22, 1937.

For the appellants, *Autenrieth & Wortendyke* (*Reynier J. Wortendyke, Jr.,* of counsel).

For the respondent, *Harry Sagotsky* (*Theodore D. Parsons,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an action for malicious prosecution. Appellants, who were the defendants below, appeal from a judgment of $3,000 plus $106.70 costs, based upon a jury verdict in favor of respondent, who was the plaintiff below. The determinative issue is whether evidence of reasonable or probable cause conclusively appeared. The issue is raised and argued here upon the refusal of the learned trial judge to grant motions to nonsuit, to direct a verdict, and upon exceptions to his charge.

Plaintiff's original complaint charged defendants with malicious prosecution, false imprisonment, libel and slander, but by consent of counsel all counts except those charging malicious prosecution were stricken.

The voluminous record discloses that plaintiff was a boarder in an apartment house leased by a Mrs. Shropshire, at 410 Langford street, in the city of Asbury Park, New Jersey. On the 29th day of August, 1934, about a year after plaintiff moved into the apartment, he was charged by Flake, an investigator employed by the defendant corporation, with stealing gas and electricity from the wires and lines belonging to said defendant, Jersey Central Power and Light Company. Plaintiff was indicted, and tried upon the charges. The trial judge directed a verdict of not guilty upon the charge of stealing the gas, and the jury returned a verdict of not guilty upon the charge of stealing the electricity. Thereupon, plaintiff commenced and prosecuted the instant suit.

We are told that the proofs now before us are substantially the same as those in the aforementioned criminal proceedings. The proofs on the record submitted show that the gas and electric connections to the apartment in question had been disconnected prior to the plaintiff's occupancy thereof.

It further appears that other tenants of the building complained to the janitor both as to an odor of gas allegedly emanating from the Shropshire apartment, and as to the use of electricity therein. Defendant company made several inspections. They were fruitless. Finally, Flake was assigned to the case and he, together with fire department officials, on August 29th, 1934, again inspected the apartment. They found a gas stove, the burners of which were apparently warm; a rubber hose between the stove and the service line; and a fine electric wire near a window in the apartment, close to the location of the feeding lines of the defendant company. At the time of the inspection neither the rubber hose nor the wire was attached so that gas or electricity would flow into the apartment. Plaintiff, of course, denied all charges of wrongdoing.

Subsequently, Mrs. Shropshire, with whom plaintiff boarded, made a statement accusing him of devising the scheme of connecting the hose and wires to the end of stealing defendant's gas and electricity. Flake then went to the company's attorney, who, though reluctant to rely upon the statement of Mrs. Shropshire, an apparent conspirator, drew the complaint upon which the plaintiff was indicted. There is a conflict between the testimony of the attorney and Flake as to whether the latter told the former of the previous fruitless inspections, and the failure to find any actual connections. There is evidence that Flake threatened "to get" the plaintiff; that he told the latter's wife, from whom plaintiff was judicially separated, that plaintiff was dishonorably discharged from the army when the contrary was true; and that plaintiff planned to go to California with Mrs. Shropshire. At the close of plaintiff's case a motion for a nonsuit was made and denied; at the close of the entire case the motion to direct a verdict was also denied. The basis upon which these motions were made to rest was that there was no conflicting evidence as to reasonable or probable cause and thus no jury question was present.

*First:* Did the evidence indisputably disclose reasonable or probable cause for the making of the criminal complaint against plaintiff? We think not.

It is well settled that the fundamental grounds upon which an action for malicious prosecution rests, are that it was instituted against plaintiff without reasonable or probable cause, that the defendant was actuated by a malicious motive in making the charge, and that it has ended in plaintiff's favor. The proofs must sustain all of those grounds or plaintiff's suit must fail. *Weisner* v. *Hansen,* 81 *N. J. L.* 601; 80 *All. Rep.* 435; *Vladar* v. *Klopman,* 89 *N. J. L.* 575; 99 *All. Rep.* 330. See 65 *A. L. R.* 225. But when the question of the existence or non-existence of probable cause depends partly upon undisputed facts, and partly upon facts which are in dispute and which must be determined from the evidence in the case, the question is not one of law to be decided by the court, but one of fact to be decided by the jury under proper instructions. *Weisner* v. *Hansen, supra; State* v. *Newman,* 95 *N. J. L.* 280; 113 *Atl. Rep.* 220 (*S. C.*); *Dalton* v. *Godfrey,* 97 *N. J. L.* 455; 117 *Atl. Rep.* 635; *Bennett* v. *Pillion,* 105 *N. J. L.* 359; 144 *Atl. Rep.* 601; *Weinstein* v. *Klitch,* 106 *N. J. L.* 408, 411; 146 *Atl. Rep.* 219; *Evanyke* v. *Electric Ferries Co.,* 106 *N. J. L.* 387; 150 *All. Rep.* 397. It is only when the facts are not controverted that the question of probable cause is one of law, to be determined by the court and not the jury. *Vladar* v. *Klopman, supra; MacLaughlin* v. *Lehigh Valley Railroad Co.,* 93 *N. J. L.* 263; 108 *All. Rep.* 309 (*S. C.*); *Colgan* v. *Sullivan,* 94 *N. J. L.* 201; 109 *All. Rep.* 568; *Greenberg* v. *Rose,* 98 *N. J. L.* 881; 121 *All. Rep.* 616. In the case at bar, the evidence as to reasonable or probable cause clearly presents a disputable question. There is, on the one hand, the incriminating statement of Mrs. Shropshire, a fellow conspirator, who was neither produced as a witness, nor was she prosecuted, but on the other hand, the charges made and prosecuted against plaintiff went beyond that statement, far beyond any actual proof in the hands of defendants as to plaintiff's having stolen any gas or electricity. True, plaintiff lived in the apartment under somewhat suspicious circumstances; true, he was a technician and perhaps familiar with the making of electrical connections; perhaps he also knew something of the making

of gas connections; but it is also true that there is no evidence, nor apparently could defendants procure any, which places the plaintiff in the position of having made the attachments as charged, or of having stolen defendant's gas or electricity.

*Second:* Nor is the fact, under the circumstances here exhibited, that defendants procured the advice of counsel of any avail. We have repeatedly held that such advice does not protect one who institutes a criminal prosecution unless that action is instituted in good faith in reliance on such advice after a full and fair statement to the attorney of all the circumstances. And where the evidence tends to show that material parts of such statement were false to the knowledge of the maker thereof, the question as to whether or not such advice constituted reasonable or probable cause must be submitted to the jury under proper instructions. *Weinstein* v. *Klitch, supra; Mowell* v. *Von Moschzisker,* 109 *N. J. L.* 241; 160 *Atl. Rep.* 680. As already indicated the testimony on this phase of the case was in conflict. There was ample proof from which the jury could, as it apparently did, conclude that the statement given to defendant's attorney did not warrant the efficacy, or virtue claimed for it. The jury might well have found, and unquestionably did so find, that the statement did not disclose the fruitless results of the several inspections made, and that if defendant's attorney had been fairly and honestly told that there was no evidence of plaintiff's having made illegal connections, or of having used defendant's gas or electricity, he would not have counseled the institution of criminal proceedings against plaintiff. *Cf. Evanyke* v. *Electric Ferries Co., supra.* Under the proofs exhibited, and all proper deducible inferences to be drawn therefrom, this and all other issues in the cause were properly submitted to the jury. *Cf. Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Shields* v. *Yellow Cab, Inc.,* 113 *N. J. L.* 479; 174 *Atl. Rep.* 567; *Israel* v. *Travelers Insurance Co.,* 116 *N. J. L.* 154; 182 *Atl. Rep.* 840.

*Third:* Defendant's final objections concern the charge of the trial judge. They are without substance; they merit no

extended discussion. The charge should be considered in its entirety. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62; 172 *Atl. Rep.* 567; *George W. Loft Realty Co.* v. *M. H. Harris, Inc.,* 113 *N. J. L.* 469, 475; 174 *Atl. Rep.* 709. When so considered it is not, as is claimed, contradictory. On the contrary, it is comprehensive, fair, clear, logical and accurate. It does not injuriously affect any substantial rights of defendants.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—CASE, DONGES, JJ. 2.