LOUIS SCHLESINGER, INC., A CORPORATION, PLAINTIFF-RESPONDENT, v. BURSTEIN REALTY CO., A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *Joseph J. Corn.*

For the respondent, *Hannoch & Lasser.*

The opinion of the court was delivered by

HETFIELD, J.  This is an appeal to review a judgment in favor of the plaintiff-respondent entered in the Supreme Court, Essex Circuit, as a result of a jury's verdict. Suit was instituted to recover brokerage commissions for the procurement of a lessee for a building owned by the defendant-appellant, situated at No. 682 South Fifteenth street, in the city of Newark.

The first count of the complaint, which the plaintiff relied upon at the trial, alleges in substance that the defendant

entered into an agreement with the plaintiff, whereby the plaintiff was authorized to procure a tenant for the property involved for a period of five years commencing February 1st, 1937, at an annual rental of $6,000 for the first three years, $6,500 for the fourth year, and $7,000 for the fifth year, plaintiff to receive for its services a commission of five per cent. of the aggregate rental; that the plaintiff did, on or about November 20th, 1936, procure a tenant ready, willing and able to lease the premises under the terms fixed by the defendant, and presented and introduced the prospective tenant to the defendant company; that the defendant, on or about December 1st, 1936, disregarding its agreement with the plaintiff and the tenant produced by the plaintiff, entered into a lease for the premises providing for its rental with the New Jersey Good Humor, Inc., and that the plaintiff refused to pay the defendant the commissions for services rendered. The answer denies all the essential allegations contained in the complaint, except the one charging that the defendant entered into a lease with the New Jersey Good Humor, Inc., which is admitted.

The appellant first seeks a reversal on the ground that the trial court erred in refusing to strike the complaint, having made a motion for that purpose at the trial under rule 40 of the Supreme Court. It is contended that the complaint did not disclose a cause of action for the reason it alleged that the contract of authorization between the parties provided that the plaintiff was "to procure a tenant for the said property," and that the plaintiff procured a tenant ready, willing and able to lease the property in accordance with the terms of its contract, and that the defendant leased the property to a party other than the one procured by the plaintiff. The appellant argues that in the absence of a special agreement to the contrary, a broker does not earn commissions by merely bringing together the landlord and the proposed tenant, and that the broker is not entitled to any commissions until and unless a binding lease results from his efforts, and as the complaint contained no allegation to this effect, no cause of action was stated.

We think the refusal to strike was proper, as the allegations

contained in the complaint were well within the principle, firmly established by the courts of this and other states, that a broker engaged to sell or rent property is entitled to commissions when he has procured a purchaser or tenant able and willing to conclude a bargain on the terms under which the broker was authorized to act, and such right cannot be defeated by any default of the principal. *Hinds* v. *Henry,* 36 *N. J. L.* 332; *Ryer* v. *Turkel,* 75 *Id.* 677; *Klipper* v. *Schlossberg,* 96 *Id.* 397; *Feist & Feist, Inc.,* v. *Spitzer,* 107 *Id.* 138; *Fiedler Corp.* v. *Manufacturers, &c., Co.,* 108 *Id.* 364; *Hekemian & Co.* v. *Rivara,* 121 *Id.* 418, and *Manfredi* v. *Boss (Rhode Island),* 145 *Atl. Rep.* 442.

It is next contended that it was error to admit in evidence letters from and to the Burstein Body Works, Inc., and from the respondent to one Leon Rosenthal, and certain conversations had with Rosenthal and Barnet Burstein as no proof was submitted that Burstein was the agent of appellant, as well as a certified copy of the annual report of the corporation filed by it with the secretary of state. The testimony in the case clearly indicates that the admissions complained of were proper as they were evidential of the authority of Barnet Burstein to conduct all of the affairs of the defendant corporation, and to act as its general agent and manager, not only in the present transaction, but in any and all other matters, and there was ample evidence to warrant the jury in finding that such was the fact. There was proof presented from which it might reasonably be inferred that the defendant was a "close corporation," all of the stock being held by Barnet Burstein and Lena Burstein, his wife, and their son and daughter; that the property in question, prior to its being conveyed and transferred to the defendant, was owned by Barnet Burstein and his wife; that at the time the contract of authorization between the present parties was entered into, Barnet Burstein was vice-president and secretary of the corporation, and had the sole authority to withdraw money from the bank where the funds of the corporation were deposited, and also to effect loans and advances with the bank at any time on behalf of the corporation; that the plaintiff introduced its prospective tenant to Burstein, and after two or

more conferences, Burstein caused to be submitted to the plaintiff and its tenant a lease prepared by the defendant's attorney; that all negotiations by the tenant who obtained a lease for the premises were made with Burstein, said lease being executed after the defendant was notified by the plaintiff that its tenant had approved of the lease prepared by the defendant. It is apparent that Burstein accepted the new tenant rather than the one produced by the plaintiff because the terms agreed upon by the new tenant were more advantageous to him and his corporation than those contained in his contract with the plaintiff. In view of the well settled rule that the principal is bound by the acts of his agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing, we think there was a reasonable inference that Burstein possessed the authority to impose upon the corporation the contract for the leasing of the premises in question.

We find no merit in the point that it was error to exclude from evidence a certain commission agreement alleged to have been submitted by the plaintiff to the defendant for approval, but which was never executed by either party.

The ground presented by the appellant that it was error for the trial court to deny its motions for a nonsuit and for a directed verdict cannot be considered on this appeal. It appears that a rule was allowed the appellant, requiring the plaintiff to show cause why the verdict should not be set aside on the ground that it was against the greater weight of the evidence, the appellant reserving all exceptions taken by it at the trial. After hearing the argument the court discharged the rule to show cause. The practice is well settled to the effect that when a defendant applies for a new trial upon the ground that the verdict is against the weight of the evidence, such contention is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence to support a finding in favor of the plaintiff, and when this contention is argued upon the return of the rule and determined against him, he will be considered as having abandoned the reserved exceptions with the approval of the court, and the right to have them reviewed

194

by an appellate tribunal is lost. *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381; *Cleaves* v. *Yeskel,* 104 *Id.* 497.

We are unable to find any abuse of discretion on the part of the trial court in discharging the rule to show cause why a new trial should not be granted, as contended by the appellant in its final ground of appeal.

For the reasons stated the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.