JOSEPH DOMBROSKI, PLAINTIFF-RESPONDENT, v. METRO-
POLITAN LIFE INSURANCE COMPANY, A BODY COR-
PORATE, AND VINCENT B. SMITH, DEFENDANTS-
APPELLANTS.

Argued February 4, 1941—Decided April 25, 1941.

For the plaintiff-respondent, *Quinn & Doremus* (*John J. Quinn*).

For the defendants-appellants, *Drewen & Nugent* (*John Drewen* and *Clifford I. Voorhees*).

The opinion of the court was delivered by

CASE, J. The complaint grounded in a charge of malicious prosecution arising out of these circumstances: The Metropolitan Life Insurance Company by its agent, Vincent B. Smith, filed a charge against, and caused the arrest of, Joseph Dombroski for the alleged forgery of a check. A Monmouth County grand jury returned an indictment for forgery. Following trial in the Quarter Sessions there was a verdict of acquittal. This suit to recover damages for the alleged malicious prosecution resulted in a judgment for Dombroski against both defendants in the amount of $25,000, reduced on rule to $17,500. The judgment is before us on defendants' appeal.

Appellants' point one is that the court erred in denying their motion for directed verdict on the ground that there was probable cause for instituting the prosecution. That contention assumes that the weight of evidence on probable cause bore down in favor of the defendants. The state of the evidence is necessarily embraced within the refusal to direct a verdict upon the stated ground. *Louis Schlesinger, Inc.,* v. *Burstein Realty Co.,* 123 *N. J. L.* 190. The appellants are not in position to argue the weight of evidence on this appeal because they sued out and argued a rule to show cause why a new trial should not be granted and stated as a ground that the verdict was based on sympathy, bias, prejudice and passion, comprehended within which is the assumption that there was not credible evidence to sustain the verdict. *Vide, State* v. *Karpowitz,* 98 *Id.* 546, 459. In addition, the rule is that although the question of probable cause is passed upon by the court when there is no contradiction in the facts, it is left to the jury with instructions when there is contradiction. *Vladar* v. *Klopman,* 89 *Id.* 575, 578; *Weinstein* v. *Klitch,* 106 *Id.* 408. There was contradiction in the relevant proofs, and the court properly left the question to the jury. The rule to show cause why a new trial should not be granted contained this provision:

"It is further ordered that the granting of this rule to show cause shall not operate as a waiver of any of the objections or exceptions granted to said defendants, but that each

of said objections and exceptions is hereby expressly reserved to the defendants, for the purpose of taking an appeal after this court shall have filed its determination under this rule to show cause;" but neither that nor any other language inserted in such a rule can save to the prosecutor the benefit, for appeal, of an exception that goes to a point assigned and argued under the rule. The discharge of a rule makes *res judicata* every reason argued in support of it. *Cleaves* v. *Yeskel,* 104 *Id.* 497, or even merely assigned unless exscinded by court order. *Cleary* v. *Camden,* 119 *Id.* 387.

Appellants' second point is that the court erred in denying defendants' motion for a directed verdict on the ground that the conduct of the defendants throughout was pursuant to advice of counsel, properly sought and given. The point is within the application of the foregoing discussion on the weight of evidence and the effect of a rule involving it. We add that the proofs disclose a substantial dispute as to whether relevant and material facts within defendants' knowledge were presented to counsel in seeking his advice as to the laying of the complaint. *Bennett* v. *Pillion,* 105 *N. J. L.* 359. This required that the question should be left to the jury with instructions. *Evans* v. *Jersey Central Power and Light Co.,* 119 *Id.* 88.

The third and fourth points are directed against portions of the court's charge which, as appellants allege, were equivalent to telling the jury that if they found that the criminal charge brought against the plaintiff by the defendants was false they might feel "* * * justified in drawing * * * an inference of want of probable cause and malice on the part of defendants." It was held in *Vladar* v. *Klopman, supra:*

"There was proof submitted by the plaintiff which showed that the charge of larceny made against her was false. When she rested her case, therefore, this proof was sufficient to justify an inference of want of probable cause, and of malice."

There was no error in the matters complained of.

Finally, appellants, citing *Weinstein* v. *Klitch, supra,* and *Evans* v. *Jersey Central Power and Light Co., supra,* complain of three further sentences in the court's charge, viz.:

(1) "* * * But the advice of an attorney will not

protect the party who consults an attorney unless all of the material facts within his knowledge * * * are fully and truthfully stated to the attorney."

(2) "If you find under the evidence that in seeking the advice of counsel, the defendant, Smith, did not make a full, fair and complete statement of all material facts to his counsel, the advice of counsel is no defense to this action."

(3) "If you find under the evidence that in seeking the advice of counsel, the defendant, Smith, stated any material facts or circumstances falsely to his counsel, the advice of counsel is no defense to this action."

The fault assigned is that these portions of the charge fail to incorporate an instruction as to "actual awareness * * * guilty knowledge or scienter." In the cited cases we said that it was the duty of a party, who would rely upon the advice of counsel, to communicate all of the material facts within his knowledge and not to state matters that to his knowledge were false. We think that the directions complained of in the instant case do not violate either the direct statement or the implications of those rules. The first charge was made to apply specifically to material facts within knowledge. We think that it is without fault. With respect to the second we note that the attorney for the defendants presented to the trial judge a request to charge defendants' version of the rule in these words: "Plaintiff has the burden of proving * * * that the defendant * * * did not present to * * * counsel * * * all of the material and salient facts * * *." That request, which is correlative with the charge concerning which complaint was made, was actually delivered by the court to the jury. We think that the defendants were not harmed by the use, in another part of the charge, of language which is substantially that which defendants submitted in their request. Further, and in defendants' interest, the adjective "fair" was used in modification, and the jury could hardly impute unfairness to the defendants in that they did not communicate to their attorney facts that were not known to them. The third portion of the charge uses the adverb "falsely" in modification of the verb "stated." The word "false" in its juristic uses frequently implies something more

than a mere untruth. 25 *C. J.* 436. The adverb "falsely" is defined in Webster's New International Dictionary as "In a false manner; erroneously; not truly; perfidiously or treacherously." The question is whether this, together with every other portion of the charge, tended to mislead the jury. We think it did not. A portion of a charge must be read in the light of the context and of the whole charge. *Lyon* v. *Fabricant,* 113 *N. J. L.* 62. So viewed, the charge of the court as a whole and in all of its parts was correct.

An incident which we think may have had significance for the jury in considering the deliberation and spirit with and in which the defendants swore out the criminal complaint is that the allegation was specifically that "Dombroski did maliciously forge a certain check for the payment of certain money," &c., and the indictment ran likewise, whereas the defendant knew that the check itself was the valid instrument of the Metropolitan Life Insurance Company. It was the endorsement of the name of the payee that was questioned, not the order for payment.

The judgment below will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 16.

*For reversal*—None.

---

Per Curiam.

Since the filing of the foregoing decision counsel for appellants moved for a reargument of the cause with particular reference to the questions of malice and want of probable cause as affected by the judge's charge. We think that the application is wholly without merit. The charge of the court was well balanced in the presentation of the law on these questions and could have left the jury in no uncertainty as to

the burden which rested upon the plaintiff. The court charged the jury as follows:

"The plaintiff is required to satisfy you by the preponderance or the greater weight of the credible evidence not only that he was arrested and indicted at the instigation of the defendants on a charge of forgery and that the criminal charge ended in his favor by his acquittal, but also that there was no reasonable or probable cause for the institution of the criminal proceedings against the plaintiff and that the defendants were actuated by malice in making the criminal charge against the plaintiff. There being no dispute about the plaintiff's arrest at the instigation of the defendants and his subsequent indictment and acquittal, it will be your duty to decide whether or not there was want of reasonable or probable cause in the commencement of the criminal proceedings against the plaintiff and whether there was malice.

"In a case of criminal prosecution, reasonable or probable cause means reasonable grounds for suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily prudent person in believing that the accused is guilty of the offense with which he is charged. If you should conclude that there was no reasonable or probable cause for the charge of forgery against the plaintiff, then malice on the part of the defendants would be presumed. If you should conclude that there was reasonable or probable cause for the prosecution of Mr. Dombroski, then the defendants would be entitled to your verdict and you must, under those circumstances, return a verdict of no cause of action in favor of both defendants."

After stating these general principles of law the judge made specific and capable application of them to the facts of the case in a manner that did full justice to the defendants' rights.

Motion denied.