**Frederick E. HERNON, Plaintiff-Appellant,**

v.

**REVERE COPPER & BRASS, INC.,**
Defendant-Appellee.

No. 73-1603.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1974.

Decided April 18, 1974.

Rehearing Denied May 13, 1974.

Lon Hocker, Clayton, Mo., for appellant.

Robert C. Ely, St. Louis, Mo., for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This case presents a challenge to the grant of a judgment notwithstanding the verdict and the alternative grant of a new trial. We affirm the judgment n. o. v.

In an opinion reported at 363 F.Supp. 96 (E.D.Mo.1973) Judge Webster set aside a jury verdict in the amount of $550,000 actual damages and $75,000 punitive damages in favor of appellant Frederick E. Hernon and against Revere Copper & Brass, Incorporated. Hernon's cause of action was for malicious prosecution.

The trial court's opinion contains a general factual scenario. We will detail the facts only as they become essential to a determination of the issues.

■ The original lawsuit which spawned the malicious prosecution action in question here [1] was a New Jersey state court action [2] by Revere against International Aluminum, Ltd. (I.A.L.) and certain of its directors, including appellant Hernon. Hernon alleges that the suit brought by Revere, although it sounded in replevin, was malicious since the real purpose of the suit was to oust Hernon from his position with I.A.L.

Upon Revere's motion under Fed.R. Civ.P. 50(b) the trial court entered judgment for Revere notwithstanding the jury's verdict in favor of Hernon saying:

The court concludes that there was insufficient evidence to support a verdict in favor of plaintiff on the issue of liability because the plaintiff failed to sustain his burden of showing that the civil action initiated by defendant was brought without probable cause.

The defendant affirmatively established that it reasonably believed in the existence of the facts upon which its claim was based and so believed in reliance upon the advice of counsel after a full and truthful disclosure. 363 F.Supp. 96, 101.

On appeal Hernon contends that the trial court acted improperly in entering judgment n. o. v. since advice of counsel was an affirmative defense to be proved by defendant Revere and the evidence showed neither reliance or full disclosure to the attorneys. The question becomes, then, whether the trial court was correct in holding, as a matter of law, that Revere acted upon its lawyers' advice after full disclosure of all relevant facts.

A review of the law governing malicious prosecution or wrongful civil proceedings [3] is essential to an understanding of the situation which faced the trial court.

■ The elements necessary to establish an action for malicious prosecution are clearly stated in Restatement, Torts, § 674:

One who initiates or procures the initiation of civil proceedings against another is liable to him for the harm done thereby, if

(a) the proceedings are initiated

(i) without probable cause, and

(ii) primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based, and

(b) except where they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

---

1. This case came to the United States District Court for the Eastern District of Missouri by removal from Missouri state court instigated by Revere, a Maryland Corporation.

2. The law of New Jersey is therefore applicable to the substantive issues regarding malicious prosecution actions.

3. In states which recognize actions for malicious prosecution of civil suits the governing rules are primarily the same as for malicious criminal prosecutions. See Mayflower Industries v. Thor Corp., 15 N.J.Super. 139, 83 A.2d 246, 252 (1951).

The Restatement explains the important "probable cause" element as follows:

> One who initiates civil proceedings against another has proabable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based and
>
> (a) reasonably believes that under such facts the claim may be valid at common law or under an existing statute, or
>
> (b) so believes in reliance upon the advice of counsel given under the conditions stated in § 666.

If the plaintiff is to prove malicious prosecution he must demonstrate that in the prior action there was *lack* of probable cause. However, where defendant can show that he brought the prior action on advice of counsel, he has an absolute defense. In other words, he has shown that there was probable cause. Rogers v. General Electric Company, 341 F. Supp. 971, 976 (D.Ark.1972). While the defendant has the burden of proving advice of counsel, advice of counsel, itself, is inextricably bound up with the plaintiff's burden to demonstrate lack of probable cause.

■■ Probable cause is a question of law for the court where there is no dispute in the facts of the case. Stewart v. Sonneborn, 98 U.S. 187, 194, 25 L.Ed. 116 (1878); Mayflower Industries v. Thor Corp., 15 N.J.Super. 139, 83 A. 2d 246, 257 (1951); Dombroski v. Metropolitan Life Ins. Co., 126. N.J.L. 545, 19 A.2d 678, 679 (1941); 52 Am.Jur.2d Malicious Prosecution § 184 p. 303 (1970). Restatement, Torts, has this to say regarding the unique function of the court in malicious prosecution cases:

> * * * [T]he jury has only the function of finding the circumstances under which the defendant acted. The court determines whether, under the circumstances, the termination was sufficiently favorable to the accused, and whether the defendant had or had not probable cause. Where there is no conflict in the testimony as to what the circumstances were, the court has no need for a finding of the jury. The jury is not called upon to act unless there is conflict in the testimony which presents an issue of fact for its determination. Restatement, Torts § 673 comment (d) (made applicable to § 674 by comment (f) thereof).

Unlike other tort actions the rule in malicious prosecution cases appears to be that the court determines the reasonableness of conduct. This rule is almost universally accepted in the cases. See cases collected at Annot., 87 A.L.R.2d 183, 188–196 (1963).

■■ The reason for this rule has been said to be that, were probable cause left to the jury the rights of defendants might not be sufficiently safeguarded and the bringing of complaints would be discouraged. Annot., 87 A.L.R.2d *supra* at 186, 192; *see also Mayflower, supra* 83 A.2d at 253. In this same vein, the general rule is that suits for malicious prosecution are viewed with disfavor and are to be carefully guarded against. Siegman v. Equitable Trust Co., 297 A. 2d 758 (N.J.1972); *Mayflower, supra* 83 A.2d at 253. As the instant case demonstrates, malicious prosecution cases present situations difficult for the jury to distinguish. There is a constant interplay between the original lawsuit and the malicious prosecution suit. The defendant in the original suit becomes the plaintiff. The original defendant's alleged fault becomes a basis for the present defendant's alleged liability. This difficulty coupled with the reluctance of the courts to have potential plaintiffs feel a chilling effect from a possible counter lawsuit sheds some light upon the reason for the development of this rule.

> Where there is dispute in the evidence as to whether the relevant and material facts within a defendant's knowledge were presented to counsel, the defense of advice of counsel should be submitted to the jury for a factual determination. 363 F.Supp. at 98–99.

But if there is no material contradiction in the evidence that advice of counsel was relied upon after all material facts and circumstances had been disclosed by defendant, the court should rule on probable cause as a matter of law. *See* Cabakov v. Thatcher, 37 N.J.Super. 298, 117 A.2d 298, 302 (1955); Dombroski, *supra* 19 A.2d 678; *Mayflower, supra*; Liberty Loan Corp. of Des Moines v. Williams, 201 N.W.2d 462, 465–466 (Ia. 1972); Simmons v. Gardner, 46 Wash. 282, 89 P. 887 (1907); Steadman v. Topham, 80 Wyo. 63, 338 P.2d 820 (1959); 52 Am.Jur.2d Malicious Prosecution § 174 p. 294 (1970). *See also* Annot., 87 A.L.R.2d 183 (1963).

In view of the above principles we turn to the evidence in this case to determine whether or not it reflects reliance upon advice of counsel after full and fair disclosure.

Hernon's case consisted of but one witness, Frederick E. Hernon, himself. Revere's case consisted of testimony by three witnesses, Frank Vecchione, one of Revere's retained attorneys in the original New Jersey suit; John W. Eason, executive vice-president of Revere; and Dominic Virga, a former operations manager for Hernon's company, I.A.L.

The record demonstrates that I.A.L. and Revere had entered into a contract in 1968 whereby Revere shipped materials to I.A.L. on a retained title basis. Difficulties arose between the parties. I.A.L. was in arrears in payments to Revere as well as to other companies. Hernon testified that Revere was not meeting quantity and quality obligations.

Shortly after Hernon threatened Revere with legal action I.A.L. distributors received orders to sell Revere products at distressed prices if necessary to bring in cash. Virga, then operations manager for I.A.L., reported this development to Eason of Revere who then telegraphed I.A.L. officials, including Hernon, to discontinue selling Revere's products. Hernon thereafter directed his sales offices to ignore Revere's instructions to discontinue distress sales of Revere products. Revere then contacted New Jersey counsel for the purpose of protecting the company's interests. Revere executive vice-president Eason testified that he went to the office of the New Jersey lawyers and gave them the information relative to the problem.

From the unrebutted testimony of New Jersey attorney Vecchione it becomes clear that the original action filed against I.A.L. and its executives was for injunctive relief and a restraining order; that the attorneys, Vecchione and Dolan, made the decision to join Hernon as a defendant because they felt he was acting beyond the scope of his authority; that when the injunctive relief was denied the attorneys determined that the complaint should be amended to plead an action of replevin. Vecchione testified further that when the original complaint was amended to sound in replevin nothing was done by way of amendment regarding Hernon.[4]

Hernon contends that there is evidence in the record from which a jury could find that Revere did not disclose all facts to its attorneys. He refers to the testimony of attorney Vecchione to the effect that the attorneys were unaware at the time they brought these actions that Revere might be liable to I.A.L. for damages resulting from Revere's alleged breaches of contract. The fact that the attorneys were unaware of these possible off-setting claims is not material to the issue of lack of full dis-

---

4. The amended complaint alleges facts in support of a replevin and concludes:

 WHEREFORE, plaintiff, in addition to the demands set forth in the original complaint filed herein, demands that a judgment be entered against the defendants, jointly and severally, directing the immediate return of the finished products and raw materials in the possession of said defendants to the plaintiff and for money damages caused by the delay in returning said materials to the plaintiff together with interest and costs of suit.

closure since those claims have no bearing on the legitimacy of Revere's efforts to protect its property from distress sales.

Our review of the entire record along with the exhibits satisfies us that the facts themselves are not in dispute. There is no substantial evidence which can be fairly said to raise a question as to whether Revere relied upon counsel. Neither are there any conflicting circumstances in evidence concerning disclosure of all relevant and material facts. The parties disagree only upon whether the facts present probable cause. That question, in view of the cases and authorities set out earlier, is one of law for the court.

 Of course, the court should not grant a motion for judgment n. o. v. "unless as a matter of law the opposing party failed to make a case and a verdict in the movant's favor should have been directed." Schneider v. Chrysler Motors Corporation, 401 F.2d 549, 554 (C.A.8 1968); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). There must be conflict in substantial evidence to create a jury question. Neither a directed verdict or judgment n. o. v. should be granted unless the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion. Brady v. Southern Ry., 320 U.S. 476, 479, 64 S.Ct. 232, 88 L.Ed. 239 (1943); Midcontinent Broadcast. Co. v. North Central Air., Inc., 471 F.2d 357, 358–359 (C.A.8 1973).

 We agree with the trial court that upon this record "it may reasonably be concluded that defendant presented all the known material facts" to its attorneys and thereafter reasonably relied upon counsel's advice. Revere presented a complete defense as a matter of law.

The judgment n. o. v. is affirmed. Accordingly we need not consider the other contentions raised by the parties nor the challenge to the trial court's alternative new trial order.

Affirmed.