CARMINE L. TRANGONE, PLAINTIFF-APPELLANT, v. PENN
CENTRAL TRANSPORTATION COMPANY,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 7, 1980—Decided October 17, 1980.

Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.

*Mark D. Larner* argued the cause for appellant (*Budd, Larner, Kent, Gross, Picillo & Rosenbaum*, attorneys; *Martin G. Picillo* on the brief).

*John M. Walsh* argued the cause for respondent (*Schumann, Hession, Kennelly & Dorment*, attorneys).

PER CURIAM.

This is a malicious prosecution action in which the trial judge entered judgment for defendant, setting aside a $75,000 jury verdict in favor of plaintiff. The trial judge found, among other things, that as a matter of law the railroad policemen employed by defendant who arrested plaintiff had probable cause for their action, and alternatively, that plaintiff had failed to produce sufficient evidence from which the jury could have found defendant liable for the conduct of its employee police officers in arresting and prosecuting plaintiff. Plaintiff contends that both of these issues were questions for the jury.

The circumstances of the arrest were sharply disputed. Plaintiff had been employed by defendant as a repairman for about 44 years. He testified that before being called out to work on a derailment one evening he had removed the spare tire from his

car to accommodate a package. After finishing work at 3 a. m. the following morning he went to visit two friends at a trans-shipping facility at one of defendant's railyards, where new automobiles were transferred from the railroad to trucks. According to plaintiff, as he entered the gate of the yard he saw two tires alongside the access road. He put them between the seats of his car, intending to give them to the foreman in charge. But after he took them out of the car, the foreman told him to take the tires to the railroad police office. Plaintiff put the tires in his trunk and began driving toward the terminal where defendant's police department was located.

He was stopped by two railroad policemen shortly after he had entered the public highway.[6] Plaintiff said that after he had explained his possession of the tires to the officers he was taken to the railroad police station where one of the officers told plaintiff that they only wanted him to cooperate by saying that the friends whom he had intended to visit, and who had also been arrested, had given plaintiff the tires. Plaintiff said that the officers' "boss" then questioned him about the abuse of meal vouchers, but when plaintiff denied any knowledge of that subject the officers were told to book him. Plaintiff admitted giving a statement about the tires, but denied giving that portion of the statement which purported to be a confession by plaintiff that he had asked for the tires and had received them knowing that they were stolen. He said that he signed the statement without reading it because he was nauseous and exhausted and had been promised that he could go home if he signed it.

The arresting policeman testified that he and several other officers had established a surveillance of the auto compound, and that about an hour before plaintiff arrived on the scene they observed the two men whom plaintiff described as his friends remove two spare tires from new cars in the compound and carry them to to the office. When plaintiff arrived, according to the officer, he went directly to the office and all three men then put the tires in plaintiff's trunk. After plaintiff and

the other two men had been arrested and taken to the station plaintiff orally admitted knowing that the tires had been stolen. The officer testified that the statement in which plaintiff admitted knowing that he had committed a crime had been recorded verbatim, as the questions were asked and the answers given. He asserted that he watched plaintiff read the statement before signing it.

Plaintiff was indicted and tried on several charges arising from this incident, but was acquitted on a jury verdict. The two men who had been arrested at the same time were tried separately and convicted, but there was no evidence of the facts established at their trial or of the charges on which they were convicted.

The trial judge reserved decision on defendant's motion for judgment at the close of the evidence. He granted that motion, as well as defendant's motion for judgment *n. o. v.,* after the verdict had been returned. He found that although many of the facts were disputed there was sufficient undisputed evidence to conclude as a matter of law that plaintiff's possession of the tires had given rise to probable cause for his arrest.

Plaintiff argues that where the question of probable cause depends, at least in part, upon facts that are disputed, it is for the jury to say what the facts are and decide whether probable cause existed. *Lind v. Schmid,* 67 *N.J.* 255, 266 (1975); *Vladar v. Klopman,* 89 *N.J.L.* 575, 578 (E. & A. 1916). We find it unnecessary to decide that question because we agree with the trial judge that in any event plaintiff failed to demonstrate defendant's liability for the arrest and prosecution.

The railroad police officers employed by defendant were appointed pursuant to *N.J.S.A.* 48:3–38. That statute provides that the Governor may issue commissions to act as police officers for any "railroad, street railway, canal or steamboat company." It further provides that such officers shall be paid by the company which requests their commissions, and that the officers shall have "all the powers of policemen and constables in crimi-

nal cases of the several municipalities." Our courts have consistently said that officers appointed under this statute, or its predecessors, are responsible to the State, and not to the company which employs them, for the conduct of the official duties which they carry out under their commissions as police officers and not as agents of their employer. *Evanyke v. Electric Ferries Co.*, 106 *N.J.L.* 387, 389–390 (E. & A. 1929); *Taylor v. New York, &c., R.R. Co.*, 80 *N.J.L.* 282, 284–285 (E. & A. 1910); *Tucker v. Erie Ry. Co.*, 69 *N.J.L.* 19, 21 (Sup.Ct. 1903).

■ In order to hold a company which employed such an officer liable for an unwarranted arrest and malicious prosecution it must be shown either that the officer acted as an employee but not within his duties as a policeman, or that the action was instigated by the company through someone with authority to give such directions. *Taylor v. New York, &c., R.R. Co.*, above, 80 *N.J.L.* at 285; *Rockwell v. Erie Railroad Co.*, 3 *N.J.Misc.*, 373, 374, 128 *A.* 482 (Sup.Ct. 1925); *Goldberg v. Central Railroad Co.*, 97 *N.J.L.* 374 (Sup.Ct. 1922). The same rule has generally been adopted in other jurisdictions with respect to special police officers who are appointed by public authority and generally carry out public duties. See, Annotation, "Principal's liability for false arrest or imprisonment caused by agent or servant," 92 *A.L.R.*2d 15, 67 (1963), supplementing 35 *A.L.R.* 645, 681 (1925).

■ In the present case it is clear that the officers were carrying out their public duties in investigating thefts and related crimes at the time they arrested plaintiff. The only evidence that the officers were acting at the specific request of defendant is plaintiff's testimony that someone whom he could only identify as the officers' "boss" intervened in the questioning and directed the officers to book plaintiff because he failed to cooperate. While there is nothing in the record to indicate who this person was or what authority he had, it is clear that the individual involved was also a railroad policeman. Moreover, there is nothing to indicate that the unknown person had

any knowledge of, or directed, the officers to take the statement which plaintiff alleges was falsified. Finally, plaintiff did not present any evidence that any agent of defendant, other than police officers, played any role in the subsequent prosecution. We think it is clear that the jury could not have reasonably found from the evidence that the officers acted as agents of defendant, and not in the performance of their public duties. Accordingly, the trial judge properly set aside the verdict.

In light of the result we have reached above, we find it unnecessary to reach the remaining contentions raised by plaintiff.

Affirmed.