DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### MARCH TERM, 1922.

---

## FLORENCE DALTON, RESPONDENT, v. CHARLES F. GODFREY, APPELLANT.

Argued March 9, 1922—Decided June 19, 1922.

1. Where in a suit for damages for malicious prosecution a question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff, depends, in part at least, upon facts, the existence of which is in dispute, it is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown, such determination being based upon proper instruction from the court.

2. In an action for malicious prosecution, defendant maintained that he had instituted criminal proceedings against the plaintiff on the advice of his counsel. *Held*, that counsel's advice would protect him only if none of the material statements were false to defendant's knowledge.

3. Where an affiant falsely and maliciously states the facts untruly, and procures a warrant to be issued, he becomes responsible for the prosecution and arrest, because if he had not made the false affidavit and asked for the issuing of a warrant, the officers could not and would not have decided that criminal process should issue.

4. In an action for malicious prosecution, the dismissal or abandonment of the prosecution is some evidence of want of probable cause or malice.

On appeal from the Supreme Court.

For the appellant, *Harry Unger* and *Edwin G. Adams.*

For the respondent, *Coult & Woodruff.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This was an action at law com-
menced in the Essex Common Pleas wherein the plaintiff
claimed damages for (1) malicious prosecution, (2) libel
and (3) slander.   When the plaintiff rested defendant moved
for a nonsuit, which was denied as to the count for malicious
prosecution, but was granted as to the other two by consent.
The case went to the jury and plaintiff had a verdict, and
from the judgment thereon defendant appealed to the Su-
preme Court, where it was affirmed.   From the judgment of
the Supreme Court he now appeals to this court.   In the Su-
preme Court defendant assigned eleven grounds of appeal
from the judgment of the Essex Common Pleas, and these
are reviewable here under a notice of appeal to this court,
wherein it is averred that the Supreme Court's judgment
should have been rendered in favor of the defendant and
against the plaintiff.

The grounds of appeal appearing in the record are argued
under five points as follows:   1. The trial court should have
granted defendant's motion to nonsuit.   2. The trial court
should have granted defendant's motion to direct a verdict
for him.   3. Such verdict should have been directed because
defendant in making the criminal complaint acted upon the
advice of counsel.   4. The trial court erred in refusing to
charge that dismissal and abandonment of the criminal
prosecution was not evidence of want of probable cause or of
malice.   And 5. The trial court erred in refusing to charge
that falsity of the affidavit upon which plaintiff's arrest was
made was insufficient to sustain the action.   These points
involve the first, second, third, fourth, fifth and sixth grounds
of appeal.

*First.* The defendant employed the plaintiff as his house-keeper, and she had charge and care of his room. From it he missed a package containing money. This package defendant had brought home with him on November 8th, 1920, and showed to her. She testified that the next day when she went into defendant's bedroom to make up his bed she found the package in a pillow-slip and put it under the bed; that defendant and a friend of his were in the house all day, and about four or five o'clock in the afternoon plaintiff heard them discussing the matter of the money in the package; that his friend suggested that defendant show the money to the plaintiff, but she requested him not to open the package and take care of it; that defendant then went back into his bedroom with it, and that was the last the plaintiff saw of it; that the two friends had been drinking heavily all that day, and shortly after his friend left the defendant came into the kitchen and asked where was his money, and plaintiff replied that she did not know; that plaintiff suggested that he hunt for it, stating that there had been nobody in the house and that he must have mislaid it; that they looked for it, and then defendant got very excited and said he would give her five minutes to get the money or she would go to jail; that plaintiff persisted that she did not know where his money was, and defendant thereupon telephoned to the police station and an officer came and arrested the plaintiff, and she was held in jail all night. The defendant had sworn to a complaint of larceny against her. In the morning without any hearing plaintiff was taken by the officer back to defendant's house—the defendant and his attorney accompanying them—for the purpose of searching for the package of money, and the policeman found the package under some cases of whiskey in the closet of defendant's bedroom. It was the plaintiff who suggested that they look in the closet because, she said, the defendant went in there the previous afternoon with the package in his hands. On the day set for hearing the complaining witness did not appear and the recorder sent for him and he stated that he did not care to go on with the case as he wished to withdraw it. The recorder thereupon

dismissed the complaint. There was testimony of the plaintiff and physicians regarding her suffering as a result of the episode and proceedings. There was some other testimony, but it is unimportant for the purpose of disposing of the question of nonsuit, which was moved for at the close of plaintiff's case. From this evidence the guilt of the plaintiff could not reasonably be inferred, and, therefore, the denial of the nonsuit was right.

*Second.* The point that at the close of the whole case the undisputed facts showed reasonable and probable cause, and that, therefore, there should have been a direction of verdict in favor of defendant, is argued upon the assumption that the essential facts were not disputed; that defendant's evidence as to probable cause contains substantially only the additional testimony by him that plaintiff had admitted to him that she had taken the money, which she denied.

It is true that the defendant testified that when he accused the plaintiff she said that she had the money and she would like to see him get it. After that he called up his attorney and asked him about making a complaint and was advised by the attorney to make it. Thereupon he telephoned the police to come and arrest the plaintiff; went to the police station with her and made the complaint. He denied that he or his friends were intoxicated on November 8th or 9th, but said that they had several drinks in his home and that plaintiff had drunk with.them. His friend, a man named Coley, testified to the same effect. On rebuttal the plaintiff denied that she had taken any intoxicating drink, and denied that she admitted to defendant that she had taken the money. The policeman testified that defendant was under the influence of liquor at the time he caused plaintiff's arrest, which he qualified by saying that he believed defendant knew what he was talking about and doing; that his breath smelled of liquor. If the jury had believed the story told by the defendant, they might have found reasonable and probable cause for the prosecution; but, on the contrary, if they disbelieved him and believed the plaintiff, then it was proper for them to find that the prosecution was malicious, because without either reason-

able or probable cause; and this they did. It follows that the motion for direction of a verdict was properly overruled.

Where in a suit for damages for malicious prosecution a question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff, depends, in part, at least, upon facts, the existence of which is in dispute, it is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown, such determination being based upon proper instruction from the court. *Vladar* v. *Klopman,* 89 *N. J. L.* 575. And there was a sharp dispute between plaintiff's and defendant's testimony.

*Third.* The contention that there should have been a direction of a verdict upon the ground that defendant upon making the criminal complaint acted upon the advice of counsel, is untenable. Assuming that defendant informed his counsel of all the facts, all the details, as he said he did, counsel's advice would protect him only if none of the material statements were false to defendant's knowledge. Here, again, the issue depends upon a question of fact, namely, whether it is true that the plaintiff admitted to defendant that she took his money. He said she said so, and she said she did not. Mr. Justice Van Syckel, in *Navarino* v. *Dudrap,* 66 *N. J. L.* 620, states the rule to be that where the affiant falsely and maliciously states the facts untruly, and procures a warrant to be issued, he becomes responsible for the prosecution and arrest, because if he had not made the false affidavit and asked for the issuing of a warrant, the officers could not and would not have decided that criminal process should issue; and Mr. Justice Pitney, in *McFadden* v. *Lane,* 71 *Id.* (at *p.* 630), said that malice in law is the intentional doing of a wrongful act without just cause or excuse.

Now, if the defendant was sober, as he said he was, or if he was intoxicated to the extent that plaintiff said he was, he doubtless knew whether or not defendant admitted to him the theft of his money, or had denied it, and this question had to be determined as a question of fact, and was one for

the jury; and it was open to them to find whether defendant did not tell an untruth when he testified that plaintiff had admitted to him that she took his money, and that the statement was made by him knowingly—that is, maliciously. Therefore, the denial of the direction of a verdict on this ground was proper.

*Fourth.* The submission that the trial court erred in refusing to charge the jury that dismissal or abandonment of the prosecution was not evidence of want of probable cause or of malice, is also untenable. It is urged that the defendant was entitled to have the jury so instructed, and *Apgar* v. *Wolston,* 43 *N. J. L.* 57, is cited as authority for that proposition. The only thing decided by the court on that head in the Apgar case is, that evidence of the termination of criminal proceedings is not *prima facie* evidence of want of probable cause. If the plaintiff had merely introduced the complaint and showed its abandonment and her discharge by the committing magistrate and rested, the defendant would doubtless have been entitled to a judgment of nonsuit; but this record was admissible not only to show the termination of the criminal prosecution, but also it was some evidence, coupled with the other evidence for the plaintiff, tending to show want of probable cause and malice. In the Apgar case it is observed (at *p.* 61) that it is impossible to lay down any rule which would indicate what conduct of defendant would be sufficient *prima facie* evidence of want of probable cause; that everything depends upon the special circumstances of the case. The instant case is not like one in which the grand jury ignores a bill of indictment, as mentioned in the Apgar case (at *p.* 62), for, in such latter case, the prosecution ends by act of the official body, the grand jury. But in this case the prosecution ended by the act of the defendant in refusing to press his charge against the plaintiff, and her consequent discharge by the magistrate, and that conduct of the defendant, coupled with the fact that he had no evidence that the plaintiff stole his money, but only suspicion and conjecture, bore directly upon want of probable cause for her arrest on

his complaint, and the trial court was therefore right in refusing to charge as requested.

Assuming that the formula in which the request was couched is faultless as a proposition of law, still, as it did not include all the facts which should influence the jury to decide whether there was want of probable cause or malice, but only part of them, the judge was not obliged to charge the request. See *Fernetti* v. *West Jersey and Seashore Railroad Co.*, 87 *N. J. L.* 268, 272. Besides, this request was preferred after the judge had delivered his charge, and, as it did not concern anything he had said or omitted to say to the jury, the request was made too late to require the court to regard it. See *Carmany* v. *West Jersey and Seashore Railroad Co.*, 78 *Id.* 552, 555.

*Fifth.* The last point is, that the trial court erred in refusing to charge that falsity of the affidavit upon which the arrest was made was insufficient to sustain the action. To support this contention, *Izzo* v. *Viscount*, 74 *N. J. L.* 65, is cited. That case is an authority for the plaintiff. It was there held that it is not sufficient to sustain an action for malicious prosecution to prove that the affidavit upon which the arrest was made was false, but that it must also appear that the affiant knew it was false or did not have reasonable and probable cause to believe it to be true. This latter proposition, that it must also appear that the affiant either knew the affidavit was false or did not have reasonable and probable cause to believe it to be true, was a disputed fact in issue in the cause, and, therefore, a question for the jury. The proof showed that defendant knew all about the facts, and if his affidavit charging the plaintiff with larceny was untrue, he, undoubtedly, knew it, and, of course, in that event, the jury were justified in finding that he had neither reasonable nor probable cause to believe it to be true.

What is said above under the fourth point as to the request not containing all the pertinent facts and belated presentation, is equally applicable here.

Let the judgment under review be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.