ALEXANDER HELSTOWSKI, PLAINTIFF-RESPONDENT, v. ISRAEL GREENBERG, DEFENDANT-APPELLANT.

Decided November 15, 1924.

False Arrest—Defense That All Material Facts Had Been Disclosed to Competent Attorney Who Advised Warrant—No Error in Leaving to Jury Determination of Question Regarding Disclosure of Facts and Their Merits to Attorney —Ten Other Grounds for Reversal Considered and Rejected.

On appeal from the Essex County Circuit Court.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Braelow & Tepper*.

For the plaintiff-respondent, *Anthony R. Finelli*.

PER CURIAM.

Although there are twenty-nine grounds of appeal set forth in the record before us for review, the only grounds relied on and argued in the appellant's brief are numbers two, three, six, seven, eight, nineteen, twenty-four, twenty-five, twenty-six, twenty-seven and twenty-nine.

The facts, out of which the various legal propositions presented by this appeal arise, are these: Alexander Helstowski was in the employ of his brother Anton, who carried on a butcher and grocery business in Newark. Greenberg, the defendant below, was a wholesale grocer. Greenberg sold a bill of groceries, which merchandise he claimed was sold to Anton and Alexander, as partners. This was disputed and was for the jury. Anton sold his butcher and grocery business, whereupon the plaintiff went to Perth Amboy and opened there a butcher and grocery business on his own account. Greenberg made a demand upon the plaintiff to pay a bill of $55.76 incurred by his brother Anton in Newark.

The plaintiff denied that he owed the bill and refused to pay it. Thereupon Greenberg lodged a complaint against the plaintiff in the Second Criminal Court of Newark, charging the latter with having obtained at the city of Newark, on the 4th day of June, A. D. 1919, under false pretenses, "wares and merchandise to the value of $55.76, with intent to cheat and defraud" him. A warrant was issued, the plaintiff was arrested and brought from Perth Amboy to Newark, and was imprisoned in the Newark jail, where he was detained for six days before he was released. The case was presented to the grand jury, but that body found no bill.

The defense relied on was, in substance, that the appellant had stated all the material facts, so far as he knew them, to his attorney, Mr. Kaplan, and that the latter advised him to make the criminal complaint, upon which the plaintiff was arrested. It further appeared that, before instituting criminal proceedings against the plaintiff, the appellant's attorney caused a summons to be sent by acting Judge Yuill of the Second Criminal Court of Newark to the plaintiff at Perth Amboy, summoning the latter to appear in said court on a certain day; that at the time fixed in the summons the appellant, his son, and his attorney, appeared, but the plaintiff did not. Subsequent to this, Mr. Kaplan, on behalf of the appellant, commenced a civil action in the First District Court of Perth Amboy against the plaintiff, to recover the sum claimed to be due to the appellant from the latter, which action as discontinued. Before commencing the civil action, Mr. Kaplan admits that in an interview had with the plaintiff he cautioned him that he was going to advise his client to swear to a complaint against him, to which threat the plaintiff replied: "Go ahead and do what you like, I don't care." That Mr. Kaplan advised the making of the complaint against the plaintiff for obtaining goods under false pretenses, and had a second charge embodied in the complaint against the latter: that on July 11th, 1919, he and his brother executed a bill of sale of all the stock and chattels in grocery store at Cham-

bers and Clover streets, Newark, New Jersey., to J. M. and John W.; that the brother Walter Helstowski swore in his affidavit incorporated in the bill of sale that there were no creditors of the business to whom debts were due and owing. It further appeared before Mr. Kaplan had advised his client, the appellant, to sign the complaint, he saw the bill of sale on which the complaint was based, and knew that the bill of sale had been executed only by Walter Helstowski, the plaintiff's brother. Kaplan attempts to explain this by saying that it was an apparent oversight on his part. There is not a scintilla of testimony in the entire case tending to sustain the charge that the goods for which the debt was incurred were obtained under false pretenses. So the conclusion is irresistible that the statements made in the complaint were untrue. The defense, therefore, that the defendant had fully and fairly stated all the facts within his knowledge to competent counsel, and competent counsel advised the making of the complaint, and that the appellant acted upon that advice, was not completely made out.

The learned judge, however, very benignly, but very properly, left the consideration of these facts to the jury, who found a verdict for the plaintiff, upon which verdict a judgment was entered, from which judgment the defendant has appealed.

We first take up for consideration the second ground of appeal, which is stated as follows: "Because the court erroneously refused to direct a verdict for the defendant on the ground that the defendant in consulting a regular and duly licensed attorney of the State of New Jersey and laying before him all the facts in the case fully and fairly, thereby had probable cause for the institution of the original criminal procedure."

It is obvious that this request was properly refused. Whether or not the defendant had fully and fairly laid all of the facts before Kaplan, the attorney, was a jury and not a court question, under the evidence in the cause. *Dalton* v. *Godfrey*, 117 *Atl. Rep.* 635; 97 *N. J. L.* 455.

The next ground of appeal argued is number six, which is as follows: "Only two questions therefore remain on the subject of liability. The first is whether there was a want of reasonable and probable cause in making the complaint, and, second, whether there was malice; but since malice is presumed where there is want of reasonable and probable cause, unless that has been rebutted, there is really but one question on the subject of liability, and that is, had the defendant reasonable and probable cause for making the complaint against the plaintiff in setting in motion the machinery of the criminal courts, which resulted in his arrest and imprisonment."

This instruction seems to be in accord with what was said by Chancellor Walker in *Dalton* v. *Godfrey, supra,* speaking for the Court of Errors and Appeals (at *p.* 460).

· The seventh ground of appeal is of the same import as the one we have just considered, with the exception that the forepart of the instruction, commencing with "only two questions," &c., and ending "whether there was malice," is omitted.

This, therefore, needs no further consideration.

The eighth ground of appeal is the same as the sixth and seventh.

The next ground of appeal relied on and argued is number nineteen, and is found upon an exception to an expression in the judge's charge, which was as follows: "If you find that this advice was not justified then you come to the consideration of damages." This does not convey any idea whether what was said by the trial judge was correct as a proposition of law or not. For immediately preceding the statement complained of the court said: "If you decide that the facts were fully and fairly stated to competent counsel, and competent counsel advised this complaint, and that the defendant here acted upon that advice, that is a complete justification, and the plaintiff in this suit cannot recover."

What the court said was accurate. Of course, if the defendant had not made a full and fair statement of the facts to his counsel, it is quite plain that advice of counsel could

not be availed of by the defendant in justification. The nature of the advice was dependent upon the facts related by the defendant to his attorney. And all this was properly left to the jury for its determination.

And it is further to be observed that the court charged the jury on this point substantially as requested by defendant's counsel in his fifth request, which was as follows: "If you believe that the defendant consulted competent counsel and made a full and fair and complete statement of all the material facts that came to his knowledge, or caused such full, fair and complete statement of facts to be communicated to competent counsel, then you must find a verdict for the defendant."

The twenty-fourth ground of appeal is stated in the appellant's brief, as follows: "Because the court erroneously received in evidence a criminal complaint differing from the one alleged to have been made in the complaint filed in the cause."

There is no merit in this contention. The plaintiff's complaint in the present action does not pretend to set out a copy of the criminal complaint made against him. This was not necessary. The substance of the complaint was set out. It is true that the plaintiff alleged that he was charged by the defendant with having defrauded the latter out of $145, whereas, in fact, it was only $55.76 cents. The court allowed the plaintiff to amend his complaint according to the fact. This was proper practice.

The twenty-sixth ground of appeal is that the court erroneously refused to grant a nonsuit.

The contention of counsel is a restatement of what was urged by him under the twenty-fourth ground of appeal, and with the additional reason that the civil complaint, as amended, by the plaintiff, alleged that the criminal complaint in the criminal cause had been dismissed by the September, 1919, grand jury, whereas in truth, and, in fact, the evidence, showed that it was not dismissed, but that no indictment was returned. This seems to be a distinction without a material difference. The prosecution was at an end so

far as that grand jury was concerned. And the proof makes it clear that no further steps were taken by the defendant to prosecute his complaint.

The twenty-fifth ground of appeal is, that "the court erroneously permitted the clerk of the grand jury to testify to the disposition made by the grand jury of the original complaint in the cause, without having first accounted for the non-production of the records of the grand jury concerning that disposition."

It is sufficient to say that the clerk of the grand jury produced the best evidence that the nature of the case was susceptible of, by producing the original complaint bearing the indorsement of the foreman of the grand jury that no bill was found.

The only other ground of appeal relied on and argued in the brief is founded on the alleged exclusion of the question: "Who do you think was the owner of the place?" put to defendant by his counsel on the direct examination. The record shows that plaintiff's counsel objected to the question, but the defendant, nevertheless, answered it thus: "The both of them was there." And it was after the witness had answered as above the court said objection is sustained. The answer was not precisely responsive to the question put, but taking in consideration the unfamiliarity of the defendant with the English language, it is clearly inferable what he meant, namely, that in seeing them both there he thought they were the owners of the store. The defendant's counsel did not see fit to pursue the examination on this line, and as the question was answered and the defendant had the benefit of it, even if the question was a proper one, no harm was done by the court sustaining the objection. But we think the question was incompetent. It was seeking the defendant's opinion on undisclosed facts; such testimony is clearly incompetent. It was for the jury to determine from the facts introduced in evidence whether or not the defendant had reason to believe that the plaintiff was owner of the store.

For the reasons given judgment is affirmed, with costs.