PETER MIK, APPELLEE, v. WALTER KOSPRISKI, APPELLANT.

Submitted May 14, 1926—Decided January 19, 1927.

**Malicious Prosecution—Plaintiff was Charged by Defendant With Having Stolen His Money, Arrested, Indicted and Indictment Nolle Prossed—Held, That While Malice is Basis of the Action and Must be Proved, it is Inferable From Want of Probable Cause and the Nolle Pros. was Some Evidence of Want of Probable Cause—Other Evidence of Malice—Judgment For Plaintiff Affirmed.**

On appeal from the Essex Circuit Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellee, *Cohen & Klein*.

For the appellant, *Meyer M. Semel.*

PER CURIAM.

This is an appeal by the defendant bringing to this court for review a judgment against him in the Essex County Circuit Court. The action was to recover damages for malicious prosecution.

The first, second and fourth points raised on the defense are that the court erroneously refused to grant motions for a nonsuit and to direct a verdict in defendant's favor on the grounds that malice and want of probable cause were not proved, and that the criminal prosecution was *nolle prossed* by agreement of the parties.

We think the motions were properly refused. The criminal prosecution arose upon a complaint sworn to by Krospriski charging Mik with stealing $270 from Kospriski's person. Warrant, arrest and indictment followed in sequence. When the indictment came up for trial a *nolle pros.* was entered.

There was evidence in the present case tending to show that at about eleven o'clock on Saturday night, October 11th, 1924, Kospriski, who kept a saloon at 123 Belmont avenue, Newark, returned from a dance hall in an intoxicated condition; that he remained in his saloon about ten minutes and then went to the rear of the saloon premises. Mik was at this time in the saloon drinking with a friend. He went to the toilet, returned to the saloon, found his friend had left and then left himself for his own home. The next day Kospriski accused Mik of stealing his money the night before and requested a detective to arrest him, but the latter refused, stating that he had no proof. A week later, as Mik

was coming from his work, he was arrested on a complaint sworn out by Kospriski, taken to police headquarters and locked up. The following morning he was released on bail. An indictment being found against him, he pleaded not guilty, and the case was set for trial on a number of occasions but each time adjourned. Finally, a *nolle pros.* was entered on motion of the prosecutor of the pleas. The present action was then instituted.

While malice is the basis of the action and must be proved, it is inferable from want of probable cause, and the *nolle pros.* of the indictment was some evidence of want of probable cause. *Dalton* v. *Godfrey,* 97 *N. J. L.* 455.

In addition, there was evidence of malice to be found in the fact that Kospriski said before the arrest that he was going to fix Mik, who had stolen his money, and in the further fact that Kospriski claimed the money was stolen from him by "a man," but that he was unable to prevent the money being taken. If so, the jury could infer that he knew whether Mik, with whom he was well acquainted, was the person who took it. We conclude that there was sufficient evidence of malice to go to the jury, and our examination of the state of the case does not disclose that the *nolle pros.* in the criminal court was by agreement of the parties to this action.

It is next complained that the court's refusal to permit Kospriski, who had been called to prove his signature to the complaint, to be cross-examined on matters irrelevant to the examination in chief, was error. We think not under the cases of *Teel* v. *Byrne,* 24 *N. J. L.* 631, and *Risley* v. *Ocean City Development Co.,* 75 *Id.* 840.

Nor did the court err in refusing to charge the jury that the failure of the prosecution was not evidence either of the defendant's malice or want of probable cause. *Dalton* v. *Godfrey, supra.*

The judgment is affirmed.