JOSEPH HANIMANN, PLAINTIFF, v. FREDERICK R. SCHELLHORN, DEFENDANT.

Decided May 7, 1929.

Argued before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Perkins & Drewen.*

*Contra, I. Faeber Goldenhorn.*

PER CURIAM.

The plaintiff instituted this action to recover damages for malicious prosecution. In May, 1923, the defendant made a criminal complaint against him, charging him with the crime of embezzlement in converting to his own use moneys that he had received as the agent of the defendant, with intent to defraud the latter.

The charge was made the subject of an investigation by the grand jury, and an indictment was found. After a good deal of delay, the prosecutor of the pleas, pursuant to the order of the court, entered a *nolle prosequi,* and thereafter the present suit was brought. At the close of the trial the jury returned a verdict in favor of the plaintiff and against the defendant "for $2,500 punitive damages plus compensatory damages."

The first ground urged for making the present rule absolute is that the verdict is against the weight of the evidence because of the plaintiff's failure to show by a preponderance of the proofs that there was any want of probable cause. We consider this contention to be without merit. When proof is submitted that the criminal charge laid against the plaintiff is false, such proof justifies an inference of want of probable cause and of malice. *Vladir* v. *Klopman,* 9 *N. J. L.* 575, and cases cited. The effect of this legal rule is to place upon the defendant the burden of overcoming the inference thus raised by evidence introduced by him at the trial, and the

action of the criminal court in entering the *nolle prosequi* justified the conclusion that the affidavit charging the criminal offense was false. By its verdict the jury found that the inference of want of probable cause was not overcome by the testimony submitted by the defendant, and our examination of the case satisfies us that this finding was justified.

The only other contention before us is that the verdict is legally erroneous because it awarded punitive damages only and nothing by way of compensation. This contention, however, is without basis of fact to support it. It is true that the award was for a single sum; but the jury, in order to avoid any doubt as to its action, expressly declared that this single sum included both compensatory and punitive damages.

The rule to show cause will be discharged.