HARRY PROSTICK, PLAINTIFF-APPELLEE, v. JOHN VROOM, DEFENDANT-APPELLANT.

Submitted January 20, 1942—Decided May 20, 1942.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the plaintiff-appellee, *Hammer & Hammer* (*Henry Hammer* and *Joseph Grossman,* of counsel).

For the defendant-appellant, *Heyman Zimel* (*Abraham Brennan,* of counsel).

PER CURIAM.

This is the defendant's appeal from a judgment recovered against him in the Clifton District Court in an action for malicious prosecution.

Three elements must be present to justify a verdict in a civil action based on a malicious prosecution—(a) successful termination of the criminal prosecution in favor of the accused; (b) absence of probable cause for the institution

of the criminal proceedings; (c) malice as a motive for bringing the criminal proceedings. The first essential was present in this case. But we do not find, from an examination of the facts in the case as settled by the learned trial judge, that there was lack of probable cause; and on the question of malice, which the trial court found to have existed, and which fact determination is not reviewable here on appeal, we would have found to the contrary on the facts as set out by the court below.

The circumstances which gave rise to the criminal complaint made by the defendant, Vroom, against the plaintiff in this cause, Prostick, arose out of the purchase of a wrist watch. The watch was purchased by the defendant's wife for their son and the price paid was $14. Mrs. Vroom testified that the plaintiff in this cause, a jeweler, sold the watch to her as a Bulova watch priced at $37.50 which he said he could sell her for $14 since "it was the last of a lot." This purchase was made on April 15th, 1939. The defendant's son, for whom the watch was intended, brought the watch back to Mr. Prostick six months after the purchase in order to have repairs made without charge under the guarantee which accompanied the purchase. The jeweler found that the watch had sand in it and refused to repair it unless he was paid for same. The son took the watch to the Bulova Watch Company and that concern, after inspection, advised that the "movement" was their make, that is, a Bulova, but that it was manufactured in 1936; that "the dial is a spurious one, the name Bulova having been forged thereon;" and that "the case is not part of the original equipment." At the time the watch was purchased the jeweler's card which was given to the purchaser contained this writing: "April 15, 1939—Bulova Strap Watch—Clipper—One year's service free—H. P." (Harry Prostick.)

Upon receipt of this letter from the watch manufacturer, the son told the facts to his father, namely, that the jeweler refused to repair the watch; that he had taken up the matter with the Bulova Watch Company; and that he had received a letter from that company which he turned over to his father. The father went to the office of the Prosecutor of the Pleas

in Passaic County, showed the letter to the "man in charge" who, he said, "looked up the law in his presence and stated that jewelers are not allowed to sell second-hand watches unless they are so advertised." Mr. Vroom further said that the "man then drew up the complaint and he signed it."

Some important facts in this case are not in dispute. Mr. Prostick, in December, 1939, received a summons from the First Criminal Judicial District Court of Passaic County. He went to court, was fingerprinted, photographed and was in custody for an hour and a half. He was released on his bond and found not guilty at the trial. His arrest had some publicity and he said that he lost business on account thereof. He produced no record to substantiate his loss nor did his son, who kept the books for his father.

Mrs. Vroom testified, according to the state of case as settled by the court, that she went to plaintiff's jewelry store because of a sign in a window which said "50% reduction sale." She said she wanted an Elgin watch but that the jeweler persuaded her to become interested in the Bulova watch and that she bought the watch in question as a new one and that the plaintiff never said that the watch was "rebuilt, reconditioned or second-hand." An employee of the Bulova Watch Company testified that the watch in question contained a 1936 Bulova movement but that neither the case nor the dial was of that make; that it was not a Bulova "Clipper," but an imitation thereof.

The plaintiff denied that he sold the watch as a new watch and said that he "displayed to them [Mrs. Vroom and her daughter] a rebuilt Bulova watch." In his rebuttal examination he said that he informed them it was a rebuilt watch. He also said that he told Mrs. Vroom that the watch was a Bulova movement "but that he did not tell her it was a Bulova face or case." At this point it will be observed that nowhere does the plaintiff testify that he told the purchaser that the case of the watch and the face were not of "Bulova" manufacture nor did he tell her that the word "Bulova" was "forged." Thus it appears that while it may be conceded, the issue being one of fact, that the jeweler did tell the purchaser that the watch in question was "rebuilt," it nowhere

appears that the purchaser was advised that the article was something other than its marking showed.

The learned trial judge found that there was lack of probable cause for initiating the criminal proceedings which were begun by Mr. Vroom against the jeweler. The matter of probable cause, when the facts are undisputed, is a question of law. In this case the court determined that because the defendant relied entirely upon hearsay statements given him by his wife, his son and his daughter, and upon the letter which the son received from the Bulova Watch Company, that that concluded the issue as to probable cause and that it was an unreasonable act on the part of the defendant to have signed the complaint without first going back to Mr. Prostick for an explanation. But probable cause may arise out of information received from others so long as the information is credible. 19 *Am. & Eng. Cyc.* 662. And in this case the information on the essential facts was in no way impeached nor was there any evidence whatever that a reasonably prudent person would not have accepted such information under the circumstances which we find here. It is not disputed that the plaintiff was told the facts upon which he relied and that there was ample circumstantial corroboration of the story from the letter which the Bulova Watch Company sent over the signature of its officer. Plaintiff himself says that he told Mrs. Vroom "that the watch was a Bulova movement but that he did not tell her it was a Bulova face or case." In other words, his statement that it was a Bulova movement was true but he omitted to tell her that which he knew or should have known and which the purchaser did not know, namely, that the case or face was not of the Bulova make.

The question of probable cause is completely independent of the innocence of the party against whom the charge is brought provided a probable cause for belief of his guilt existed. 19 *Am. & Eng. Cyc.* 639, § 6, 2A. "A reasonable or well-grounded suspicion of the guilt of the accused, based on circumstances sufficient to justify a reasonable belief thereof in the mind of a cautious and prudent man, is sufficient defense to the action. If by his folly or his fraud the plaintiff exposed himself to a well-grounded suspicion that

he was guilty of the crime with which he was charged, he cannot claim there was not probable cause for the prosecution." 19 *Am. & Eng. Cyc.* 650, § VI, 3.

Here, on the undisputed facts, there was probable cause for the criminal complaint made by Mr. Vroom. Such cause arose not from the representations made by Mr. Prostick but from the facts which he failed to disclose. On his own testimony it is clear that he did not reveal the whole situation— and if as here a seller makes representations, he may not withhold an essential element thereof. Two material elements in this transaction—the matter of the watch case and the forged dial—were withheld or at least not disclosed by the plaintiff. Nor do we think that the defendant had the duty, under the law, to make further inquiry. His wife, son and daughter told him the facts and the letter from the watch company corroborated the notion that the goods sold were not as represented. These misrepresentations were separate and distinct from the disputed fact question as to whether or not plaintiff also misrepresented the watch as new. On the undisputed facts in the case to which we have referred we do not think there was lack of probable cause. The trial judge was in error in finding as a matter of law that there was.

The judgment will be reversed.