This is a malicious prosecution action. Defendant appeals from an adverse judgment entered upon the verdict of a jury at the Passaic County Court, on the ground that the court erred in submitting the case to the jury for determination.
Summarizing, the facts are: Defendant made a criminal complaint against plaintiff, without seeking legal advice, before *Page 354 
Recorder's Court of the Township of West Milford, Passaic County, charging that she "* * * did set afire and cause to burn, thereby completely destroying one chicken coop owned by the complainant." The printed form of complaint was entitled "Complaint Criminal Arson." Thereafter, plaintiff was taken into custody under authority of a warrant for her arrest, issued pursuant to defendant's complaint. Subsequently, defendant appeared before the Passaic County grand jury, which returned an indictment charging that plaintiff did "unlawfully, willfully, maliciously and feloniously" set fire to and burn "a certain building not a parcel of a dwelling house, to wit, a chicken coop," property of Harry Little. When the indictment against plaintiff came on for trial, it was nolle prossed on motion of the Prosecutor of the Pleas, whereupon, plaintiff brought her suit for malicious prosecution against defendant. The ownership of the chicken coop was claimed by plaintiff and was admittedly on her property, and was being used by defendant to house his chickens. Plaintiff contended that as owner she had a right to burn it, if she chose to do so. Defendant contended that he believed he was the owner of the chicken coop and, therefore, was justified in charging plaintiff with a criminal offense when she set fire to it. The question of ownership was vigorously contested at the trial below.
Defendant concedes that in an action for malicious prosecution the plaintiff must allege and prove all of three things: "(1) The termination of the proceedings in his favor; (2) that the complaint was made maliciously, and (3) that it was made without probable cause." That prosecution of the criminal charge against plaintiff terminated favorably to her is undisputed. Therefore, if the plaintiff were entitled to prevail here, it was essential that she establish by a preponderance of the believable evidence the two other stated factors of malice and want of probable cause. The record reveals that there was conflicting testimony at the trial on both of these questions. Consequently, the court properly denied defendant's motion for a directed verdict. "In an action for malicious prosecution, the existence of malice in the original *Page 355 
proceeding is always a question of fact exclusively for the determination of the jury under proper instructions, unless there is an entire lack of evidence that would warrant the jury in finding either ill will toward the plaintiff or a reckless and oppressive disregard of his rights." 34 Am. Juris., § 160,pp. 794, 795. There was competent evidence here which, if believed by the jury, would justify the jury in finding malice on the part of defendant.
The court also properly submitted to the jury the question as to the belief of the defendant in the truth of the charge he made against plaintiff, as the evidence pertaining thereto was conflicting and might justifiably lead to different inferences.
"The belief of the defendant in the truth of the charge is a question of fact for the jury where the evidence is conflicting or leads to different inferences, a state of mind being a fact like any other, although the question should not be submitted to the jury where there is no conflict in the evidence on the point. It is for the jury to determine whether the defendant honestly believed that he had probable cause, and they can determine this only by ascertaining what careful and prudent men would have done in like circumstances." 34 Am. Juris., Sec. 162, p. 796.
Under the conflicting evidence here, probable cause or lack of probable cause also became a factual issue for determination by the jury. The plaintiff submitted proof that the criminal charge laid against her was false. This proof justified an inference of want of probable cause and malice. Vladar v. Klopman,89 N.J.L. 575 (E. A. 1916). Plaintiff's proof placed upon defendant the burden of overcoming the inference thus raised by evidence introduced by him at the trial. Hanimann v.Schellhorn, 7 N.J. Misc. 489 (Sup. Ct. 1929). In Bennett v.Pillion, 105 N.J.L. 359 (1929), Mr. Justice Trenchard, speaking for the Court of Errors and Appeals, stated the applicable rule prevailing in this State, as follows:
"* * * The evidence upon that question was in conflict. Where, as here, the question whether or not the defendant had probable cause for instituting the prosecution against the plaintiff depends, in part at least, upon facts the existence of which are in dispute, it *Page 356 
is the function of the jury to settle those facts, and, upon doing so, to determine on the whole case whether or not probable cause has been shown, such determination being based upon proper instructions from the trial court. Vladar v. Klopman,89 N.J.L. 575; Dalton v. Godfrey, 97 Id. 455."
We find no error in the judgment below and it is accordingly affirmed, with costs.