11 N.J. Super. 471 (1951)
78 A.2d 605
JOHN SHOEMAKER, PLAINTIFF-RESPONDENT,
v.
GEORGE SHOEMAKER, DEFENDANT-APPELLANT, AND MARY SHOEMAKER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1951.
Decided January 30, 1951.
*473 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Morris Spritzer argued the cause for plaintiff-respondent (Mr. Charles Schwartzman, attorney).
Mr. Horace E. Bunker argued the cause for defendant-appellant (Messrs. Bunker & Elliott, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
The defendant, George Shoemaker, on June 6, 1949, swore to a complaint *474 before the Magistrate of Raritan Township charging that plaintiff on June 3, 1949, "did make threats and was abusive" in violation of the Disorderly Persons Act and a township ordinance.
A warrant issued upon which plaintiff was arrested and jailed for four days. The hearing on June 30 before the magistrate resulted in the dismissal of the complaint for insufficient evidence. The plaintiff thereupon instituted this action in Middlesex County Court and obtained a jury verdict upon a count for malicious prosecution. Defendant appeals from the consequent judgment.
The parties and the trial court dealt with the criminal charge as growing out of an incident which occurred, not on June 3, 1949, as stated in the criminal complaint, but on Sunday, June 5, 1949. The defendant's evidence was that he swore out the complaint after visiting the magistrate with his seven-year-old son and having the child tell the magistrate something not disclosed in the record. The plaintiff's evidence below was that the child on that Sunday beat plaintiff's pet pigeons with a stick and plaintiff told him to go away. Plaintiff expressly denied he had threatened or abused the child. The defendant and the child were the only witnesses at the magistrate's hearing. There is, however, no transcript of their testimony in this record. It further appears the magistrate had the benefit of a psychiatrist's report concerning plaintiff, which was also put in evidence below and which was prepared after an examination of plaintiff requested by plaintiff's attorney.
The fundamental grounds upon which this action for malicious prosecution was based were that the plaintiff was accused without reasonable or probable cause, that the defendant was actuated by a malicious motive in making the charge, and that the proceeding has terminated in plaintiff's favor. Unless the evidence in the case sufficiently establishes the existence of all three of these grounds, the plaintiff's suit must fail. Evans v. Jersey Central Power & Light Company, 119 N.J.L. 88 (E. & A. 1937); Little v. Little, 4 N.J. Super. 352 (App. Div. 1949).
*475 The principal ground of appeal is that the trial court should have granted the defendant's motion for judgment made at the close of the testimony because, defendant contends, plaintiff's proofs did not sustain the burden upon him to show want of probable cause and, alternatively, that defendant's uncontroverted proofs demonstrated that the defendant had reasonable cause for the charge.
Where the question whether or not defendant had reasonable or probable cause for initiating the proceeding against the plaintiff depends, in part, at least, upon the facts the existence of which are in dispute, it is the function of the jury to settle those facts and upon doing so, to determine on the whole case whether or not reasonable or probable cause has been shown, such determination being based upon proper instructions from the court. Dalton v. Godfrey, 97 N.J.L. 455 (E. & A. 1922). But where the facts are not controverted, the question of reasonable or probable cause is one of law to be determined by the court and its submission to the jury is error. Vladar v. Klopman, 89 N.J.L. 575 (E. & A. 1916).
Whether in an action for malicious prosecution the evidence presents a jury question on this issue or a question for determination by the trial judge is an essential consideration upon trial. The action is not favored in the law, since public policy encourages the exposure of crime, which a recovery against one initiating the proceeding obviously tends to discourage. Chief Justice Gummere said in the Vladar case (at pp. 579-580):
"* * * It is true that, ordinarily, where a fact is proved which raises a presumption of liability on the part of the defendant, and other facts are put in evidence which tend to overthrow that presumption, a question is presented for the determination of the jury rather than of the court. But actions for malicious prosecution have always been differentiated by the courts, so far as this special feature of litigation is concerned. The rule which makes the existence or non-existence of probable cause, when the facts are not in dispute, a matter to be determined by the court, is probably the outgrowth of of a public policy, the purpose of which was to encourage criminal prosecutions at the instance of private citizens, by making them certain *476 that they might safely intervene to put in motion the machinery of the criminal law against apparent violators of its provisions, without being liable to be mulcted in damages, in case the prosecution should fail through lack of sufficient evidence or, perhaps, through the vagaries of the trial juries of earlier days. But, whatever may be its foundation, and whether it be logical or not, it has been too long in existence, and too universally followed, to be now subject to question."
The substantial question argued is whether the defendant at the time he initiated the criminal proceeding honestly believed in plaintiff's guilt upon facts which were such that reasonable men could regard them as proof that plaintiff was guilty of the charge. Plaintiff contends that the proof of the dismissal was evidence not alone of the termination of the proceeding in plaintiff's favor but also of the lack of reasonable and probable cause for its institution. It would seem on principle that if at its inception the proceeding was honestly brought on reasonable grounds the manner in which its termination was brought about should not be a material consideration on the issue of want of probable cause. The case does not involve the question of liability of a person initiating criminal proceedings against another upon probable cause and for a proper purpose and thereafter taking an active part in pressing the proceedings after discovering there is no probable cause therefor. See Restatement on Torts, vol. III (1938), § 655.
A difference of view has arisen, however, over the effect of the disposition of the criminal proceeding itself as evidence of the absence of probable cause. Prosser on Torts (1941), p. 876. The Restatement declares that a termination by discharge of the plaintiff by a committing magistrate upon a preliminary hearing for failure to prove a prima facie case (§ 663) or because of an unexplained refusal of the grand jury to indict (§ 664) is conclusive of the lack of probable cause and that the voluntary abandonment by the defendant of the proceeding, or his failure to press the prosecution, is evidence of lack of such cause (§ 665(1)). On the other hand, the Restatement declares that a termination upon plaintiff's *477 acquittal after trial (§ 667), or upon the abandonment of the proceeding by the public prosecutor on his own initiative (§ 665(2)) is not evidence that the accuser acted without probable cause.
We doubt that this distinction has a sound foundation. Where it is urged, as here, that defendant when he made the complaint did not have an honest belief on reasonable grounds that plaintiff was guilty of the charge made, the determinative evidence, it seems to us, should be such as bears upon the conduct of the defendant at the time of the charge and whether there was then such state of facts as to lead men of ordinary caution and prudence to entertain an honest belief that plaintiff was guilty.
Even if this defendant had voluntarily abandoned the proceeding at a later date, that fact, standing alone, does not necessarily mean that there was a want of reasonable and probable cause for initiating it. Ordinary experience in the administration of criminal law teaches that honestly made and reasonably justified complaints are often not pressed for reasons which develop after the fact and are unrelated to the merits of the charge when made. We may regret the reluctance of the citizen to follow through once he has initiated a charge, or deplore an abandonment based, for example, upon sympathy for the accused's family, or we might wish to penalize the complainant who drops a criminal proceeding once it has served his purpose to effect redress of a private wrong. We think the view in this State is, however, that the fact the accuser abandons the charge does not of itself prove lack of reasonable and probable cause, but, rather, the criterion is whether the accuser honestly believed on reasonable grounds the truth of the charge at the time he made the charge.
And where the grand jury refuses to indict or the committing magistrate discharges the plaintiff for failure to make out a prima facie case, there is another consideration, because the termination results in the first case from the failure of a public body to act and in the second from the decision of a judicial officer, and in both, as in the case of a termination by action of the public prosecutor in moving a *478 nolle pros, the accuser has no control over the termination and should not be prejudiced by it.
The principle of public policy to encourage criminal prosecutions at the instance of private citizens is better served, we think, in a case such as that before us, by a rule requiring plaintiff to adduce affirmative proof, in addition to the proof of termination of the proceeding in his favor, tending to show the falsity of or the want of probable cause for the charge laid against him, or that defendant did not honestly believe in his guilt. This is the law in New Jersey. An inference that defendant lacked reasonable and probable cause for the proceeding does not arise by proof that the termination resulted from the refusal of a grand jury to indict the plaintiff, Apgar v. Woolston, 43 N.J.L. 57 (Sup. Ct. 1881); Magowan v. Rickey, 64 N.J.L. 403 (Sup. Ct. 1900); or from the voluntary abandonment of the proceeding by the defendant, Dalton v. Godfrey, supra; or from plaintiff's exoneration of the charge, Stein v. Schmitz, 137 N.J.L. 725 (E. & A. 1948).
We have not overlooked Mik v. Kospriski, 5 N.J. Misc. 139 (Sup. Ct. 1927) and Hanimann v. Schellhorn, 7 N.J. Misc. 489 (Sup. Ct. 1929), which hold that the termination of a proceeding by the entry of a nolle pros on motion of the prosecutor of the pleas is some evidence of want of probable cause. We do not think these cases are to be followed in light of the different principle laid down in the former Court of Errors and Appeals in Dalton v. Godfrey, supra. They are contrary to the great weight of authority. Annotations, 24 A.L.R. 262, 94 A.L.R. 744. Moreover, the decision in the Mik case seems to rely upon an erroneous headnote to the opinion in the Dalton case reading: "In an action for malicious prosecution, the dismissal or abandonment of the prosecution is some evidence of want of probable cause." The actual holding in that case, however, as appears at page 460, was, "If the plaintiff had merely introduced the complaint and showed its abandonment and her discharge by the committing magistrate and rested, the defendant would doubtless have been entitled to a judgment of nonsuit; but this record *479 was admissible not only to show the termination of the criminal prosecution, but also it was some evidence, coupled with the other evidence for the plaintiff, tending to show want of probable cause and malice." (Italics supplied.)
The magistrate's dismissal of the charge in this case, standing alone, was therefore insufficient evidence to sustain plaintiff's burden of proof to show lack of probable cause, whether the dismissal is viewed as tantamount to an acquittal or as based upon a finding that defendant had not proved a prima facie case requiring plaintiff to put in his defense.
The record of dismissal, however, was not plaintiff's only evidence. There was also plaintiff's testimony that when the child molested his pigeons he told the child to take his bicycle and go home, and his express denial that he had threatened or struck the child. His brother, Ray, substantially corroborated this testimony, except that Ray said the plaintiff had led the child by the arm to the sidewalk. These proofs tended to show the falsity of the charge that plaintiff threatened and abused the child and, when coupled with the proof showing the dismissal, were sufficient to require defendant to come forward with evidence to meet the inference of want of probable cause raised by them.
Defendant's proofs were wholly insufficient to overcome the inference thus raised and were clearly inadequate to justify a finding of the court as a matter of law that his action was honestly taken with reasonable cause. He said he had made the complaint on "information my wife and boy gave me" and which, he said, the boy repeated to the magistrate at the time defendant executed the complaint. The obvious deficiency in this testimony is that it does not reveal what the information was upon which defendant acted and there was no other evidence upon which to evaluate the honesty and reasonableness of his belief of plaintiff's guilt. Neither his wife nor his boy took the stand, and, while a policeman testified that before the charge was filed defendant's wife had reported to the policeman, "John is acting like a crazy man and had grabbed her boy by the arm and threw him off the property," that testimony hardly supplies substantive proof *480 that his wife and son gave this information to defendant and that defendant relied upon it in making the charge. Cf. Prostick v. Vroom, 128 N.J.L. 383 (Sup. Ct. 1942); affirmed, 129 N.J.L. 465 (E. & A. 1943).
The police officer also related the alleged facts of several incidents told him by defendant's wife as to threats allegedly made by plaintiff to kill her and the defendant, and his own father, and that plaintiff had twice set fire to his father's home. There were in addition some proofs that plaintiff had a record of convictions for disorderly conduct. The report of the psychiatrist was that plaintiff is "a medium grade moron" who has not intellectually "reached the age of a ten-year-old by the usual standards of testing." But the charge did not relate to any alleged transgressions of the plaintiff except his alleged conduct on the occasion of the incident of June 5, 1949. At the close of plaintiff's evidence the proofs as to that incident made out a prima facie case which presented a jury question in the absence of proofs on behalf of the defendant sufficient to enable the trial judge as a matter of law to determine the question. No mere suspicion nor even a strong belief arising from the character of the plaintiff, his habits or record of other transgressions would constitute of itself justification for the making of the complaint which was filed. Accordingly, defendant cannot complain of the submission to the jury of the issue of want of probable cause, and there was no error in the denial of defendant's motion for judgment. Cf. Little v. Little, supra.
Defendant argues also that the verdict was against the weight of the evidence, but our examination of the record satisfies us this contention has no merit.
Affirmed.