96 N.J. Super. 586 (1967)
233 A.2d 679
LOUIS HEYMAN, PLAINTIFF-APPELLANT,
v.
ELLEN STEIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1967.
Decided September 22, 1967.
*587 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Lester Weiner argued the cause for appellant (Messrs. Weiner, Weiner & Glennon, attorneys).
Mr. Robert W. Lewandowski argued the cause for respondent (Messrs. Wilentz, Goldman & Spitzer, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The County Court judge granted defendant's motion for dismissal of plaintiff's malicious prosecution action after he had rested his case, and plaintiff appeals.
Defendant had filed an informal charge in the Newark Municipal Court against plaintiff for an attempted assault *588 and battery. The matter came on for hearing on December 29, 1964, and after both parties had testified defendant signed a formal complaint at the direction and under the supervision of the municipal magistrate. Plaintiff posted $500 bail and was photographed and fingerprinted. His counsel subsequently requested that the magistrate disqualify himself from hearing the formal complaint because of his familiarity with the case. The request having been granted, the parties and their attorneys appeared before another magistrate on January 26, 1965, at which time testimony was taken and plaintiff found guilty of the charge. He appealed. Following a hearing de novo on the record, the County Court judge acquitted plaintiff, concluding that "it does not appear that [plaintiff] had any intent to cause any bodily harm. Nor is there any proof of an overt act or actual step towards the commission of the intended crime."
Plaintiff thereupon instituted this malicious prosecution action. Defendant counterclaimed for damages by reason of the alleged assault. At the trial plaintiff and his witnesses gave testimony which was similar to, if not practically identical with, what they had said before the municipal magistrate. The trial judge dismissed the action at the close of plaintiff's case, stating:
"The conviction of an accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause unless the conviction was obtained by fraud, perjury or other corrupt means. I fail to find any evidence where fairminded men might honestly differ as to the conclusions to be drawn from the facts as presented on the plaintiff's case which would indicate in any way that there was any fraud, perjury or other corrupt means in obtaining this conviction.
I therefore find, as a matter of law, that the plaintiff has failed to prove that there was a lack of probable cause and I find that conclusively the conviction in the magistrate's court establishes the fact that there was probable cause in this matter and I will dismiss the complaint."
Defendant then took a voluntary dismissal of her counterclaim, without prejudice.
*589 To recover in an action for malicious prosecution a complaint must show that defendant instituted or continued a criminal proceeding without probable cause and with malice, which proceeding resulted in plaintiff's favor but nevertheless to his damage. Lack of probable cause is the essence of the action. Shoemaker v. Shoemaker, 11 N.J. Super. 471 (App. Div. 1951); Earl v. Winne, 14 N.J. 119, 134-135 (1953); Prosser on Torts (3d ed. 1964), § 113, at page 860. While plaintiff's claim that defendant pressed her charge of attempted assault and battery in order to get him out of an apartment in the Stein home may indicate possible malice, it does not at all establish a lack of probable cause.
Two magistrates chose to believe defendant's account of what happened in the basement of her home on December 13, 1965, the first directing the execution and filing of a formal complaint and the second finding plaintiff guilty beyond a reasonable doubt. Defendant's version of the occurrence was that she saw plaintiff's son standing on a table in the basement of her home and told him to leave. She admitted turning off the light. A few moments later plaintiff rushed down the stairs, kicked the table out of the way and ran towards her with his arms extended toward her throat. He was a man of some 215 pounds, and when she heard him scream that he was going to break every bone in her body, she put her hands to her ears and closed her eyes. Plaintiff, however, changed his mind and left. Defendant's husband phoned the police department, but when the officers arrived they found that plaintiff had left the premises. They advised defendant that if she wished, she could make a complaint in the municipal court. The informal and formal complaints and the ultimate municipal court conviction followed. On plaintiff's appeal from that conviction, the county judge, after reviewing the record of testimony given before the municipal magistrate, felt that defendant's testimony, "while not totally unbelievable, is *590 extremely over-exaggerated," and accordingly found that plaintiff had not intended to cause any bodily harm.
There is respectable and persuasive authority to sustain the dismissal of plaintiff's malicious prosecution action. The county judge adopted the view found in 3 Restatement, Torts, § 667(1), p. 421 (1938):
"(1) The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means."
Dean Prosser, op cit., at pages 864-865, states this as a flat proposition, and it represents the great weight of authority. See Annotation, 86 A.L.R.2d 1090, 1094 (1962). And see the concurring opinion of Justice Jacobs in Toft v. Ketchum, 18 N.J. 280, 287 (1955).
Toft involved a malicious prosecution action following upon our Supreme Court's discharge of an order directing plaintiff to show cause why he should not be disbarred or otherwise disciplined. The court affirmed the Law Division's dismissal of the tort action, holding that the filing of a complaint with an ethics and grievance committee is privileged and an attorney cannot predicate a malicious prosecution action or similar suit upon it. Justice Jacobs observed that our law looks with some disfavor upon actions in the nature of malicious prosecution and places upon a plaintiff the burden of proving not only lack of probable cause, but also actual malice and special injury (at page 287). In light of the circumstances present in Toft, he said:
"* * * [I]t would grossly disserve the interests of justice to permit the plaintiff to relitigate the factual issues determined by the committee, for the purpose of establishing the essential elements, particularly the lack of probable cause, of an action in the nature of malicious prosecution. Probable cause for the institution of a civil suit has been defined as `the presence of reasonable ground for belief that the cause of action exists supported by circumstances sufficient to warrant an ordinarily prudent man in the belief that it exists.' * * *. And the Restatement indicates that a judgment *591 favorable to the person who initiated the original suit is generally conclusive of probable cause even though subsequently reversed on appeal. Restatement, Torts, § 675, comment (b), § 680, comment (b), (1938). * * *" (at page 288, and citing Prosser, at page 878, and 3 Ark. L. Rev. 445, 449 (1949)).
One, if not two, municipal magistrates, found probable cause to exist. We see no reason to allow a third inquiry into the very same question. Such determination, coupled with the fact that the testimony of plaintiff's witnesses in the civil action was identical with that given on his behalf at the hearing of the disorderly persons action in the municipal court, provided a sufficient basis for the trial judge to rule as a matter of law that plaintiff had failed in his burden of establishing lack of probable cause. We note, too, that plaintiff made no claim and offered no proof of fraud or perjury at the municipal court trial.
The cases on which plaintiff relies  State v. States, 44 N.J. 285 (1965); State v. Joas, 34 N.J. 179 (1961), and State v. Henry, 56 N.J. Super. 1 (App. Div. 1959)  are not apposite.
The judgment under appeal is affirmed.